■ KENNETH NOAKES, Respondent, v JOHANNA ROSA, Appellant. [862 NYS2d 573]—

In an action to recover damages for personal injuries, the defendant appeals from an interlocutory judgment of the Supreme Court, Westchester County (Liebowitz, J.), dated January 16, 2008, which, upon a jury verdict finding her 65% at fault and the plaintiff 35% at fault in the happening of the accident, is in favor of the plaintiff and against her on the issue of liability.

Ordered that the interlocutory judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Westchester County, for a new trial on the issue of liability, with costs to abide the event.

This is an action to recover damages for personal injuries allegedly sustained by the plaintiff in an automobile accident. The plaintiff alleged that the defendant's car rear-ended his car. The defendant alleged that the plaintiff's car backed into her car. At the trial on the issue of liability the court admitted into evidence, over the defendant's objection, a police accident report. The report contained two opposing hearsay statements regarding how this accident allegedly occurred. It also contained a statement allegedly made by the defendant that she was upset because she had received bad news. The subscribing police officer was not an eyewitness and did not testify at trial.

The police report should not have been admitted into evidence as a business record exception to the hearsay rule (*see Johnson v Lutz,* 253 NY 124 [1930]). The statement in the report that the defendant "rear-ended" the plaintiff was from an unknown source. Since the source of this statement was not identifiable, it was error to admit it (*see Battista v Rizzi,* 228 AD2d 533 [1996]). It could not be established whether the source had a duty to make the statement or whether some other hearsay exception applied (*see Murray v Donlan,* 77 AD2d 337 [1980]).

It was also error to admit the statement in the report allegedly made by the defendant that the plaintiff's car backed into her car. This was a self-serving statement that did not fall within a hearsay exception (*see Casey v Tierno,* 127 AD2d 727 [1987]).

Since these statements bore on the ultimate issue of fact to

be decided by the jury, their admission constituted prejudicial and reversible error, and a new trial is warranted (*see Hatton v Gassler,* 219 AD2d 697 [1995]; *Gagliano v Vaccaro,* 97 AD2d 430 [1983]). Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.