■ CHEUL SOO KANG, Appellant, v ISAIAH VIOLANTE et al., Respondents. [877 NYS2d 354]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), dated October 31, 2007, which, upon a jury verdict on the issue of liability, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, on the facts, and in the exercise of discretion, the complaint is reinstated, and a new trial is granted, with costs to abide the event.

The trial court erred in admitting a police accident report into evidence. The report did not qualify for admission pursuant to CPLR 4518 (c) because it was not certified, and no foundation testimony establishing its authenticity and accuracy was offered (*see DeLisa v Pettinato,* 189 AD2d 988 [1993]; *Matter of Peerless Ins. Co. v Milloul,* 140 AD2d 346 [1988]). Furthermore, the statements in the report attributed to the plaintiff and de-

fendant driver constituted inadmissable hearsay (*see Carr v Burnwell Gas of Newark, Inc.*, 23 AD3d 998, 1000 [2005]; *Hatton v Gassler*, 219 AD2d 697 [1995]). The error cannot be considered harmless.

The plaintiff's remaining contention is unpreserved for appellate review. Spolzino, J.P., Florio, Miller and Eng, JJ., concur.