■ DENADA HAUSER, Appellant, v ARKIDIY ADAMOV et al., Defendants, and GEORGE PAUL FRANZ, Respondent. [904 NYS2d 102]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated June 24, 2009, as granted the motion of the defendant George Paul Franz for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, Denada Hauser, was a passenger in a vehicle driven by the defendant Boris Kleyman, and owned by the defendant Arkidiy Adamov, which was traveling on the Brooklyn Bridge. In front of the vehicle driven by Kleyman was a vehicle driven by the defendant George Paul Franz. In front of the vehicle driven by Franz was a vehicle driven by the defendant Riaz Ahmid. The vehicle driven by Ahmid stopped and the vehicle driven by Franz struck it from behind, then stopped. The vehicle driven by Kleyman struck the vehicle driven by Franz

from behind. According to Franz, approximately five seconds elapsed between the impact with the vehicle driven by Ahmid and the impact with the vehicle driven by Kleyman.

Hauser commenced an action to recover damages for personal injuries against Adamov, Ahmid, Kleyman, and Franz. Franz moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court, inter alia, granted Franz's motion for summary judgment dismissing the complaint insofar as asserted against him. Hauser appeals from so much of the order as granted Franz's motion.

A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (*see Ramirez v Konstanzer*, 61 AD3d 837 [2009]; *Jumandeo v Franks*, 56 AD3d 614, 615 [2008]; *Arias v Rosario*, 52 AD3d 551 [2008]; *Hakakian v McCabe*, 38 AD3d 493 [2007]). Here, Franz submitted evidence, in the form of his deposition testimony, that the vehicle driven by him was stopped when it was struck from behind by the vehicle driven by Kleyman. In opposition to Franz's prima facie showing of his entitlement to judgment as a matter of law, Hauser failed to raise a triable issue of fact as to the inference of negligence on the part of Kleyman by providing a non-negligent explanation for the collision, or to demonstrate that any negligence on the part of Franz contributed to the accident between the vehicle driven by Franz and the vehicle driven by Kleyman (*see Bournazos v Malfitano*, 275 AD2d 437 [2000]; *see also Bucceri v Frazer*, 297 AD2d 304 [2002]). Accordingly, the Supreme Court properly granted Franz's motion for summary judgment dismissing the complaint insofar as asserted against him. Fisher, J.P., Lott, Austin and Sgroi, JJ., concur.