■ LORNA BAILEY, Respondent, v NATHANIEL REID, Appellant. [918 NYS2d 364]—

The plaintiff, a pedestrian, allegedly was injured when she was struck by an automobile which left the scene. Thereafter, the plaintiff commenced this action against the defendant, alleging that he was the owner and operator of the vehicle that struck her. As relevant here, the Supreme Court denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. We reverse the order insofar as appealed from.

The defendant established his prima facie entitlement to judgment as a matter of law by submitting his deposition testimony, which demonstrated that the vehicle he was operating was not the vehicle which struck the plaintiff. In opposition, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). While a police report may be admissible into evidence under the business record exception to the hearsay rule (*see Noakes v Rosa*, 54 AD3d 317 [2008]), the portion of the police report relied upon by the plaintiff contained merely an inadmissible hearsay statement from an unknown declarant and, thus, was insufficient to raise a triable issue of fact (*see State Farm Mut. Auto. Ins. Co. v Langan*, 18 AD3d 860, 862 [2005]; *Gomes v Courtesy Bus Co.*, 251 AD2d 625, 626 [1998]; *Sansevere v United Parcel Serv.*, 181 AD2d 521 [1992]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint. Mastro, J.P., Skelos, Leventhal and Roman, JJ., concur.