■ JOSE PEREZ, Plaintiff, v CRAIG W. ROBERTS et al., Defendants/Third-Party Plaintiffs-Appellants, WILLIAM CYRIAQUE et al., Respondents, and MARTIN E. PEREZ, Defendant/Third-Party Defendant-Respondent. [936 NYS2d 259]—

Ordered that the appeal from so much of the order as granted the motion of the defendants William Cyriaque and Vogue Cab Corp. for summary judgment dismissing the complaint insofar as asserted against them is dismissed, as the appellants are not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]; *Ratner v Petruso*, 274 AD2d 566 [2000]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The subject chain-reaction rear-end collision involving three vehicles occurred on January 27, 2006, at the intersection of Second Avenue and East 60th Street in Manhattan. The defendant William Cyriaque was operating the lead vehicle, a taxicab owned by the defendant Vogue Cab Corp. The defendant/third-party defendant, Martin E. Perez (hereinafter Perez), was operating the second vehicle, in which the plaintiff was a passenger. The defendant/third-party plaintiff Craig W. Roberts was operating the rear vehicle, a truck owned by the defendant/third-party plaintiff AA Truck Renting Corp., and leased by Roberts's employer, the defendant/third-party plaintiff Peerless Importers Corp. (hereinafter collectively the appellants).

According to the deposition testimony of Cyriaque, Perez, and the plaintiff, the lead vehicle was stopped at a red traffic signal for 10 to 20 seconds. Thereafter, the second vehicle stopped behind the lead vehicle. Eight to 10 seconds later, Roberts's vehicle struck the second vehicle, propelling the second vehicle into the lead vehicle.

According to Roberts's deposition testimony, while the traffic signal was green, the lead vehicle stopped to pick up passengers, and the second vehicle struck the lead vehicle and came to a stop. Roberts's vehicle was one to two car lengths away, and traveling at 10 miles per hour. Roberts applied the brakes for 10 seconds, but was unable to prevent his vehicle from colliding with the second vehicle. Roberts's vehicle struck the second vehicle 10 to 15 seconds after the second vehicle stopped. At the time of the impact between Roberts's vehicle and the second vehicle, the traffic signal was red.

"A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Hauser v Adamov*, 74 AD3d 1024, 1025 [2010]). Under the circumstances of this case, Perez established his prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the second vehicle, which he was operating, was struck in the rear (*id.*; *see Franco v Breceus*, 70 AD3d 767, 768-769 [2010]). In opposition, even according full credit to Roberts's version of the events, the appellants failed to submit evidence sufficient to rebut the presumption of negligence and raise a triable issue of fact. Roberts's testimony that

he saw the second vehicle strike the lead vehicle, that he applied his brakes for 10 seconds, and that he was still unable to avoid striking the second vehicle 10 to 15 seconds later, did not adequately rebut the inference of negligence (*see Cortes v Whelan*, 83 AD3d 763, 764 [2011]; *Blasso v Parente*, 79 AD3d 923, 925 [2010]; *Volpe v Limoncelli*, 74 AD3d 795, 795-796 [2010]; *Harrington v Kern*, 52 AD3d 473, 473 [2008]; *Ayach v Ghazal*, 25 AD3d 742, 743 [2006]; *Waters v City of New York*, 278 AD2d 408, 409 [2000]).

Accordingly, the Supreme Court properly granted Perez's motion for summary judgment dismissing the third-party complaint. Dillon, J.P., Dickerson, Eng and Leventhal, JJ., concur.