■ NOEL HERNANDEZ, Appellant, v JULIO TEPAN, Respondent. [938 NYS2d 475]—

The plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). As the defendant correctly contends, the police accident report submitted by the plaintiff in support of the plaintiff's motion for summary judgment on the issue of liability constituted inadmissible hearsay, since the report was not certified as a business record (*see* CPLR 4518 [a]; *Johnson v Lutz*, 253 NY 124, 128 [1930]; *Bailey v Reid*, 82 AD3d 809, 810 [2011]; *see also Noakes v Rosa*, 54 AD3d 317, 318 [2008]), and there is no indication that some other hearsay exception applied to the statements contained in the report (*see Bailey v Reid*, 82 AD3d at 810; *State Farm Mut. Auto. Ins. Co. v Langan*, 18 AD3d 860, 862-863 [2005]; *see also Noakes v Rosa*, 54 AD3d at 318).

Further, "[t]here can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]). Therefore, even if the defendant violated Vehicle and Traffic Law § 1143, as the plaintiff alleges, the plaintiff's affidavit did not establish, as a matter of law, the plaintiff's freedom from comparative negligence (*see Gardella v Esposito Foods, Inc.*, 80 AD3d 660 [2011]).

The plaintiff's remaining contention is without merit.

Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Skelos, J.P., Leventhal, Lott and Miller, JJ., concur.