■ NIGEL L. HAZZARD, Appellant, et al., Plaintiff, v KATHERINE BURROWES, et al., Respondents. [943 NYS2d 213]—

In an action to recover damages for personal injuries, the plaintiff Nigel L. Hazzard appeals from an order of the Supreme Court, Kings County (Silber, J.), entered September 21, 2010, which denied his motion for summary judgment dismissing the defendants' counterclaim.

Ordered that the order is affirmed, with costs.

On August 18, 2007, at or near the intersection of Remsen Avenue and Avenue B in Brooklyn, a vehicle owned and operated by the plaintiff Nigel L. Hazzard (hereinafter the appellant), in which the plaintiff Shellie Graham was a passenger, was struck in the rear by a vehicle operated by the defendant Katherine Burrowes (hereinafter Burrowes) and owned by the defendant Horace Burrowes. After this action was commenced, the defendants served a verified answer and interposed a counterclaim against the appellant for contribution and indemnification. The Supreme Court denied the appellant's motion for summary judgment dismissing the counterclaim.

The appellant failed to establish his entitlement to judgment as a matter of law dismissing the counterclaim. In support of his motion, he submitted the affirmation of his attorney, a copy of the relevant police accident report, and the transcript of the deposition testimony of Burrowes. The appellant failed to submit his own affidavit or deposition testimony. At her deposition, Burrowes testified that she was traveling directly behind the appellant's vehicle, and that, after she and the appellant each made a left turn from Remsen Avenue onto Avenue B, the appellant's vehicle made a sudden stop. As Burrowes described it, the front of her vehicle then collided with the rear of the appellant's vehicle. Burrowes further testified that she thought that the appellant's vehicle stopped because another vehicle, a Mercedes, had come to a sudden stop directly in front of the appellant's vehicle. Burrowes explained that she did not believe that there was any contact between the appellant's vehicle and the Mercedes because the Mercedes drove away. Since the appellant did not submit his own affidavit or deposition testimony, the record is silent as to his version of the events.

"There can be more than one proximate cause of an accident" (*Cox v Nunez*, 23 AD3d 427, 427 [2005]). Therefore, even if Burrowes failed to maintain a reasonably safe distance and rate of speed while traveling behind the appellant's vehicle (*see* Vehicle and Traffic Law § 1129 [a]), the appellant's proof did not establish, as a matter of law, his freedom from comparative negligence regarding the distance between his own vehicle and the

Mercedes ahead of him (see Tutrani v County of Suffolk, 10 NY3d 906, 907-908 [2008]; Hernandez v Tepàn, 92 AD3d 721 [2012]). Moreover, the police accident report was inadmissible, as it was not certified as a business record (see CPLR 4518 [a]), and the statements by both the appellant and Burrowes were self-serving, did not fall within any exception to the hearsay rule, and bore upon the ultimate issues of fact to be decided by the jury (see Noakes v Rosa, 54 AD3d 317, 318 [2008]; Casey v Tierno, 127 AD2d 727, 728 [1987]).

The appellant's remaining contentions either are without merit or have been rendered academic by our determination.

Accordingly, the Supreme Court properly denied the appellant's motion for summary judgment dismissing the defendants' counterclaim. Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.