In an action, inter alia, to recover damages for personal injuries, etc., the defendants Elaine A. DeCarlo and Andrew DeCarlo appeal from (1) an order of the Supreme Court, Queens County (McDonald, J.), entered July 25, 2011, which granted the motion of the defendant Jian Chen for summary judgment dismissing the complaint and all cross claims insofar as asserted against him, granted the cross motion of the defendants Kaleekal J. Baby and Philip Sony Mammen for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and granted the plaintiffs’ cross motion for summary judgment on the issue of the liability of the defendants Elaine A. DeCarlo and Andrew DeCarlo, and (2) a judgment of the same court entered October 20, 2011, which, upon the order, dismissed the complaint insofar as asserted against the defendants Jian Chen, Kaleekal J. Baby, and Philip Sony Mammen and, in effect, dismissed all of the cross claims asserted by the defendants Elaine A. DeCarlo and Andrew DeCarlo against those defendants.
Ordered that the appeal from so much of the order as granted those branches of the motion of the defendant Jian Chen and the cross motion of the defendants Kaleekal J. Baby and Philip Sony Mammen which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them is dismissed; and it is further,
Ordered that the appeal from so much of the judgment as dismissed the complaint insofar as asserted against the defendants Jian Chen, Kaleekal J. Baby, and Philip Sony Mammen is dismissed; and it is further,
Ordered that the order is affirmed insofar as reviewed; and it is further,
Ordered that the judgment is affirmed insofar as reviewed; and it is further,
Ordered that one bill of. costs is awarded to the plaintiffs-respondents and the defendants-respondents Kaleekal J. Baby and Philip Sony Mammen, appearing separately and filing separate briefs.
The appeal from so much of the intermediate order as granted *1083 those branches of the motion of the defendant Jian Chen and the cross motion of the defendants Kaleekal J. Baby and Philip Sony Mammen which were for summary judgment dismissing the complaint insofar as asserted against each of them, as well as the appeal from so much of the judgment as dismissed the complaint insofar as asserted against those three defendants, must be dismissed on the ground that the appellants are not aggrieved by those portions of the order and the judgment (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156 [2010]). The appeal from so much of the intermediate order as granted those branches of the motion of the defendant Jian Chen and the cross motion of the defendants Kaleekal J. Baby and Philip Sony Mammen which were for summary judgment dismissing all cross claims insofar as asserted as against them must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]), and the issues raised on the appeal from those portions of the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).
This case stems from an accident involving four vehicles. According to the deposition testimony of the defendant Elaine A. DeCarlo (hereinafter DeCarlo), she was operating her vehicle, owned by the defendant Andrew DeCarlo (hereinafter together the appellants) in stop-and-go traffic when she took her eyes off the road to address her children, who were in the back seats. About 10 seconds later, she turned around to face the road again, and she saw the plaintiffs’ vehicle in the stopped position, about three car lengths in front of her. About five seconds later, her vehicle struck the plaintiffs’ vehicle in the rear. According to DeCarlo, as a result of the impact, the plaintiffs’ vehicle came into contact with a third vehicle, which in turn came into contact with a fourth vehicle.
According to the deposition testimony of the plaintiff driver, Maria Hanakis (hereinafter Hanakis), at the time of the accident, she was operating a vehicle owned by her husband, the plaintiff Nikolas Hanakis. The plaintiffs’ vehicle was stopped for two to four seconds when it was struck in the rear by the appellants’ vehicle. As a result, Hanakis stated that her vehicle came into contact with a third vehicle. According to the deposition testimony of the defendant Philip Sony Mammen, the driver of the third vehicle, his vehicle was stopped behind a fourth vehicle when he saw the plaintiffs’ vehicle stopped behind his vehicle prior to the accident. Mammen heard a noise, and then he felt the plaintiffs’ vehicle strike his vehicle in the rear. *1084 As a result, his vehicle was propelled forward into the fourth vehicle.
According to the deposition testimony of Jian Chen, the driver of the fourth vehicle, while his vehicle was stopped, he saw the Mammen vehicle stopped behind him. He also saw the plaintiffs’ vehicle strike the Mammen vehicle in its rear. As a result, the Mammen vehicle was propelled forward and struck his vehicle in the rear. About 10 seconds later, Jian Chen heard a noise. He assumed that it was the contact between the plaintiffs’ vehicle and the DeCarlo vehicle.
The Supreme Court properly granted the plaintiffs’ cross motion for summary judgment on the issue of liability against the appellants. “A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision” (Hauser v Adamov, 74 AD3d 1024, 1025 [2010]). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by demonstrating that their vehicle was stopped when it was struck in the rear by the vehicle operated by DeCarlo (see Perez v Roberts, 91 AD3d 620, 621 [2012]; Giangrasso v Callahan, 87 AD3d 521, 522 [2011]; Hauser v Adamov, 74 AD3d at 1025). In opposition, the appellants failed to raise a triable issue of fact. Contrary to the appellants’ contention, Jian Chen’s deposition testimony was vague and insufficient to raise a triable issue of fact as to the order of the impacts (see Levine v Taylor, 268 AD2d 566 [2000]). Therefore, Jian Chen’s deposition testimony did not adequately rebut the inference of negligence, and failed to raise a triable issue of fact as to the cause of the plaintiffs’ injuries (see Perez v Roberts, 91 AD3d at 621-622; Hauser v Adamov, 74 AD3d at 1025).
The appellants’ remaining contentions are without merit. We decline the plaintiffs’ request to impose a sanction upon the appellants for pursuing an allegedly frivolous appeal (see 22 NYCRR 130-1.1). Balkin, J.E, Leventhal, Hall and Cohen, JJ., concur.