At trial, the plaintiff testified that he was traveling eastbound *983 on South Railroad Avenue in the Town of Babylon when the defendant’s westbound vehicle veered into his lane and struck his car on the driver’s side fender and front driver’s side headlight. The defendant, however, testified that he was completely stopped within a left-turn lane for approximately 10 seconds when the plaintiff’s vehicle came into his lane, approximately five feet in front of him, and struck his vehicle head on. This contrasting testimony presented a credibility issue. The trial court thereafter permitted the defendant to admit into evidence a police accident report, which described the accident, without attributing the information to any witness, in a manner that was nearly identical to that testified to by the defendant and directly contrary to that which was testified to by the plaintiff. The report was prepared by a police officer who testified that he did not witness the accident, but based his report solely on what he personally observed at the accident scene. The officer also testified that he did not conduct an investigation of any kind. The conclusory statement as to how the accident occurred constituted inadmissible hearsay (see Cheul Soo Kang v Violante, 60 AD3d 991, 992 [2009]; Quaglio v Tomaselli, 99 AD2d 487, 488 [1984]). The error in admitting the report cannot be considered harmless, as it bore on the ultimate issue to be determined by the jury (see Cheul Soo Kang v Violante, 60 AD3d at 992; Noakes v Rosa, 54 AD3d 317 [2008]; Hatton v Gassier, 219 AD2d 697 [1995]; Gagliano v Vaccaro, 97 AD2d 430 [1983]; Murray v Donlan, 77 AD2d 337 [1980]).
Accordingly, the judgment must be reversed and the matter remitted to the Supreme Court, Suffolk County, for a new trial. Angiolillo, J.P., Sgroi, Cohen and Miller, JJ., concur.