*863 In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Farneti, J.), entered November 3, 2011, as, upon so much of an order of the same court dated May 12, 2011, as granted that branch of the motion of the defendants Hector Diaz and DeCosta Contracting, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them, is in favor of those defendants and against the plaintiffs dismissing the complaint insofar as asserted against them, and the defendants Francisco Montalvo and Douglas Weber, as executor of the estates of Mary E Weber and Arnold Weber, separately appeal, as limited by their brief, from so much of the same judgment as, upon so much of the same order as granted that branch of the motion of the defendants Hector Diaz and DeCosta Contracting, LLC, which was for summary judgment dismissing the cross claim against them, is in favor of those defendants and against them on their cross claim.
Ordered that the judgment is affirmed, with one bill of costs.
The plaintiffs commenced this action to recover damages allegedly sustained as a result of a motor vehicle accident involving three vehicles. The plaintiff Eugene Wynne (hereinafter the injured plaintiff) testified at his deposition that he was sitting in a parked Jeep in the parking lane of Kissena Boulevard, doing paperwork, when his Jeep was struck by a Eontiac automobile (hereinafter the Eontiac), allegedly driven by the defendant Francisco Montalvo and owned by the defendant Douglas Weber’s decedent, Arnold Weber. The injured plaintiff further testified that he had not seen any events which had led up to this collision.
The defendant Hector Diaz testified at his deposition that as he was driving a dump truck owned by his employer, the defendant DeCosta Contracting, LLC (hereinafter DeCosta), northbound in the right lane of Kissena Boulevard at the speed limit of 25 miles per hour, he heard a “thump” come from the rear of his vehicle. He had not changed lanes or stopped his vehicle prior to hearing the “thump,” other than to stop at red lights or stop signs several blocks back. Upon hearing the “thump,” he stopped his truck, got out, and saw the Pontiac angled so that its back was in the right traffic lane, but its front was pointing at the injured plaintiffs Jeep in the parking lane. The right front portion of the Eontiac was damaged, as was the rear left portion of the Jeep.
*864 Diaz and DeCosta moved for summary judgment dismissing the complaint and the cross claim asserted against them by Montalvo and Weber. In opposition, the plaintiffs and Montalvo and Weber (hereinafter collectively the appellants) contended that the dump truck driven by Diaz had side-swiped the Pontiac, causing it to collide with the Jeep. In support of their position the appellants submitted, inter alia, three accident reports. The Supreme Court, in an order dated May 12, 2011, granted the motion of Diaz and DeCosta and thereafter entered judgment in their favor and against the plaintiffs on the complaint and against Montalvo and Weber on their cross claim.
Diaz and DeCosta established their prima facie entitlement to judgment as a matter of law by demonstrating, through Diaz’s deposition testimony, that the dump truck was traveling within one lane of traffic at all times when it was struck in the rear by the Pontiac (see Scheker v Brown, 85 AD3d 1007, 1007 [2011]). Contrary to the appellants’ contention, Diaz’s testimony was sufficient to eliminate all triable issues of fact as to whether he was negligent in the operation of the dump truck, as the hearsay statements contained in the accident reports were ineffective to contradict Diaz’s testimony that he did not change lanes (see Garcia v Prado, 15 AD3d 347, 347-348 [2005]; see also Nucci v Proper, 95 NY2d 597, 602 [2001]; cf. Camarillo v Sandoval, 90 AD3d 593, 594 [2011]; Scheker v Brown, 85 AD3d 1007, 1007 [2011]).
In opposition to the prima facie showing of Diaz and DeCosta, the appellants failed to raise a triable issue of fact as to whether Diaz was negligent in the operation of the dump truck. The accident reports submitted by the appellants were not certified as business records (see CPLR 4518 [a]; Johnson v Lutz, 253 NY 124, 128 [1930]), and there is no indication that some other hearsay exception applied to the statements contained in those reports (see Hernandez v Tepan, 92 AD3d 721, 722 [2012]; Bailey v Reid, 82 AD3d 809, 810 [2011]).
Although the requirement that evidentiary proof be submitted in admissible form is “more flexible” when applied to a party opposing a motion for summary judgment than it is when applied to the moving party (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), the nonmoving party must nevertheless “demonstrate [an] acceptable excuse for his [or her] failure to meet the strict requirement of tender in admissible form” (Zuckerman v City of New York, 49 NY2d at 562; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1068 [1979]; see Merriman v Integrated Bldg. Controls, Inc., 84 AD3d 897, 899 [2011]). The appellants here failed to provide any explanation *865 as to their failure to meet the strict requirement of tender in admissible form (see Joseph v Hemlok Realty Corp., 6 AD3d 392, 393 [2004]).
The appellants’ remaining contentions are without merit. Accordingly, the Supreme Court properly granted the motion of Diaz and DeCosta for summary judgment dismissing the complaint and the cross claim asserted against them by Montalvo and Weber. Skelos, J.P., Dillon, Hall and Miller, JJ., concur.