■ KAUNK SEN SU, Respondent, v MESSEINGA S.P. MENGANA, Appellant. [961 NYS2d 285]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Siegal, J.), entered April 3, 2012, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is denied.

On May 13, 2008, the defendant's vehicle allegedly struck the plaintiff's vehicle as both vehicles were traveling southbound on 12th Avenue near 43rd Street in Manhattan. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The Supreme Court granted the plaintiff's motion for summary judgment on the issue of liability.

In support of his motion for summary judgment on the issue of liability, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Gonzalez v Ceesay, 98 AD3d 1078, 1079 [2012]; Hernandez v Tepan, 92 AD3d 721, 722 [2012]). "There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427, 427 [2005]). Thus, even if the defendant were negligent in failing to exercise reasonable care to avoid colliding with the plaintiff's vehicle (see Hauswirth v Transcare N.Y., Inc., 97 AD3d 792 [2012]; Hazzard v Burrowes, 95 AD3d 829, 830 [2012]), the plaintiff's evidence, including statements recorded in a police accident report, did not establish, as a matter of law, the plaintiff's freedom from comparative fault (see Hazzard v Burrowes, 95 AD3d at 830-831; Hernandez v Tepan, 92 AD3d at 722). Since the plaintiff failed to make a prima facie showing of entitlement to judgment as a matter of law, we need not address the sufficiency of the defendant's opposition papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).

The plaintiff's remaining contentions either are without merit or have been rendered academic by our determination.

Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the issue of liability. Dillon, J.P., Angiolillo, Leventhal and Sgroi, JJ., concur.