In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated May 2, 2012, as denied their motion for summary judgment on the issue of liability.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiffs’ motion for summary judgment on the issue of liability is granted.
During the morning of April 23, 2009, the plaintiff John Martorell (hereinafter the injured plaintiff) allegedly was injured when his vehicle was struck in the rear by the defendant’s vehicle, propelling the injured plaintiffs vehicle into the rear of the lead vehicle, which was operated by the nonparty Yasha Mirzakandov. The injured plaintiff, and his wife suing derivatively, thereafter commenced this action against the defendant. The injured plaintiff alleged that both his vehicle and the Mirzakandov vehicle were stopped in traffic, without touching each other, when the defendant’s vehicle struck the rear of the injured plaintiffs vehicle. At her deposition, the defendant testified that, prior to the accident, she saw the injured plaintiffs vehicle traveling three to four car lengths in front of her vehicle, when she took her eyes off the road to pull down her visor. As the defendant recalled, when she turned her attention back to the road, she saw the brake lights of the injured plaintiffs vehicle and applied her brakes, but her brakes were slow to respond, and her vehicle skidded and struck the rear of the injured plaintiffs vehicle approximately 30 seconds after she brought her attention back to the road. The defendant explained that she then saw the injured plaintiffs vehicle strike the rear of the Mirzakandov vehicle. Mirzakandov asserted, at his deposition, that he felt two impacts to the rear of his vehicle.
A rear-end collision with a stopped vehicle creates a prima facie case of negligence with respect to the operator of the mov *884 ing vehicle, and imposes a duty on that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906 [2008]; Balducci v Velasquez, 92 AD3d 626 [2012]; Perez v Roberts, 91 AD3d 620 [2012]; Hauser v Adamov, 74 AD3d 1024 [2010]). Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting evidence demonstrating that the injured plaintiff’s vehicle was fully stopped when it was struck in the rear by the defendant’s vehicle (see Hanakis v DeCarlo, 98 AD3d 1082 [2012]; Perez v Roberts, 91 AD3d 620 [2012]). In opposition, the defendant failed to submit evidence sufficient to raise a triable issue of fact. Even if the injured plaintiffs vehicle had struck Mirzakandov’s vehicle before it was struck by the defendant’s vehicle, the defendant failed to raise a triable issue of fact as to whether the injured plaintiff contributed to the collision between his vehicle and the defendant’s vehicle. The defendant’s deposition testimony that she took her eyes off the road and that she could not avoid striking the injured plaintiffs vehicle approximately 30 seconds after it allegedly stopped short did not rebut the inference of negligence on the defendant’s part (see Perez v Roberts, 91 AD3d at 620; Hauser v Adamov, 74 AD3d at 1024).
Accordingly, the Supreme Court should have granted the plaintiffs’ motion for summary judgment on the issue of liability. Dillon, J.E, Chambers, Hall and Hinds-Radix, JJ., concur.