ELVIS TAYLOR, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [13 NYS3d 490]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Steinhardt, J.), entered January 24, 2012, which, upon a jury verdict on the issue of liability finding that the defendant Jim Jones was not negligent in the operation of his motor vehicle, is in favor of the defendants and against him, in effect, dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

At trial, the plaintiff testified that he was traveling on Gates Avenue from Ralph Avenue toward Stuyvesant Avenue, directly behind a paratransit vehicle operated by the defendant Jim Jones and owned by the defendant Maggies Paratransit Corp. (hereinafter together the defendants). The plaintiff testified that, while he was stopped at a red light at the intersection of Gates Avenue and Stuyvesant Avenue, the paratransit vehicle, which was in front of his vehicle, backed up into his vehicle after attempting to make a right turn the wrong way onto Stuyvesant Avenue, a one-way street. Jones, to the contrary, testified that the plaintiff's vehicle struck the paratransit vehicle in the rear as the paratransit vehicle proceeded through the intersection of Gates Avenue and Stuyvesant Avenue after the red traffic light turned green. The trial court thereafter permitted the defendants to admit into evidence a police accident report, which described the accident. The officer who prepared the report did not witness the accident and testified that he based it solely on what the plaintiff and Jones told him at the scene of the accident.

On appeal, the plaintiff correctly contends that the police accident report contained inadmissible hearsay. The first sentence of the accident description contained in the report is a statement attributed to the plaintiff that the driver of the paratransit vehicle, "while driving [westbound] on Stuyvesant, stopped [and] attempted to turn right on Gates." This statement is consistent with the plaintiff's trial testimony, and thus, is not admissible as a statement against interest (*see Hochhauser v Electric Ins. Co.*, 46 AD3d 174, 183 [2007]). Moreover, the remaining statements in the report's description of the accident were not explicitly attributed to any witness, but concluded that the accident occurred when the plaintiff struck the paratransit vehicle in the rear. These conclusory statements also constituted inadmissible hearsay (*see Sanchez v Steenson*, 101 AD3d 982, 983 [2012]; *Noakes v Rosa*, 54 AD3d 317, 318 [2008]). The error in admitting the report into evidence cannot be deemed harmless because the statements therein bore on the ultimate issue to be determined by the jury (*see Sanchez v Steenson*, 101 AD3d at 983; *Cheul Soo Kang v Violante*, 60 AD3d 991, 992 [2009]; *Noakes v Rosa*, 54 AD3d at 318-319; *Hatton v Gassler*, 219 AD2d 697 [1995]; *Gagliano v Vaccaro*, 97 AD2d 430, 431 [1983]; *Murray v Donlan*, 77 AD2d 337, 346-347 [1980]).

Accordingly, the judgment must be reversed, the complaint reinstated, and the matter remitted to the Supreme Court, Kings County, for a new trial. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.