■ ROXANNE HARTFIELD et al., Respondents, v SAHADEO SEE-NARRAINE et al., Respondents, and KAWALPATTIE SHIWDAS et al., Appellants. [30 NYS3d 316]—

In an action to recover damages for personal injuries, etc., the defendants Kawalpattie Shiwdas and Cindy Ragbeer appeal from an order of the Supreme Court, Queens County (Nahman, J.), dated February 11, 2015, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

This case arises from an automobile accident involving four vehicles. The injured plaintiff was operating the lead vehicle, which allegedly was struck in the rear by, inter alia, a vehicle owned by the defendant Kawalpattie Shiwdas and operated by the defendant Cindy Ragbeer (hereinafter together the defendants). As a result, the injured plaintiff, and her husband suing derivatively, commenced this action against, among others, the defendants. The defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that Ragbeer was not negligent in causing the accident. The Supreme Court denied the motion.

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the

condition of the highway" (Vehicle and Traffic Law § 1129 [a]; *see Napolitano v Galletta*, 85 AD3d 881, 882 [2011]). "A rear-end collision with a stopped vehicle creates a prima facie case of negligence against the operator of the moving vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (*Hauser v Adamov*, 74 AD3d 1024, 1025 [2010]; *see Hanakis v DeCarlo*, 98 AD3d 1082, 1084 [2012]). "Evidence that a vehicle was struck in the rear and propelled into the vehicle in front of it may provide a sufficient non-negligent explanation" (*Ortiz v Haidar*, 68 AD3d 953, 954 [2009]; *see Kuris v El Sol Contr. & Constr. Corp.*, 116 AD3d 675, 676 [2014]; *Strickland v Tirino*, 99 AD3d 888 [2012]; *Hanakis v DeCarlo*, 98 AD3d at 1084; *Katz v Masada II Car & Limo Serv., Inc.*, 43 AD3d 876, 877 [2007]).

Here, the defendants failed to establish, prima facie, that an impact to the rear of their vehicle propelled their vehicle into the lead vehicle and that Ragbeer was free from negligence (*see Polanco-Espinal v City of New York*, 84 AD3d 914, 915 [2011]; *Vavoulis v Adler*, 43 AD3d 1154, 1156 [2007]; *see also Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Hazzard v Burrowes*, 95 AD3d 829, 830 [2012]). In support of the motion, Ragbeer, who had not been deposed, failed to submit an affidavit describing how the vehicle that she was operating came to strike the lead vehicle. Contrary to the defendants' contention, the deposition testimony of the injured plaintiff and the codefendants submitted in support of the motion failed to establish, prima facie, that their vehicle was propelled into the lead vehicle as a result of being struck in the rear by another vehicle. With respect to the police accident report submitted in support of the motion, the statement in the report's description of the accident that an impact to the rear of their vehicle propelled it into the lead vehicle was not explicitly attributed to any witness and constituted inadmissible hearsay (*see Taylor v New York City Tr. Auth.*, 130 AD3d 712, 713 [2015]; *Sanchez v Steenson*, 101 AD3d 982, 983 [2012]). Additionally, the statement bore on the ultimate issue which should be determined by the jury (*see Taylor v New York City Tr. Auth.*, 130 AD3d at 713; *Hazzard v Burrowes*, 95 AD3d at 830; *Noakes v Rosa*, 54 AD3d 317, 318-319 [2008]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, regardless of the sufficiency of the opposition papers. Rivera, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.