OPINION OF THE COURT
Joan B. Lefkowitz, J.
It is ordered the motion is granted, and the plaintiff, Patricia Dwyer, is awarded partial summary judgment on the issue of liability, and the trial of the matter shall be on the issue of damages only; and it is further ordered the cross motion is denied.
Plaintiff, Patricia Dwyer, sues for injuries allegedly suffered when her vehicle, which was stopped at an intersection waiting to make a left turn, was struck in the rear by a police vehicle operated by defendant, Officer Gentile, who was responding to a burglar alarm.
The parties agree on the facts. Officer Gentile admits that he was responding to the call without lights or siren, that he was traveling at approximately 50 miles per hour in a 35 miles per hour zone, that he knew the intersection he was approaching had a very limited sight distance due to the crest of a hill, and that his vehicle struck the rear of Dwyer’s vehicle because he was looking, not at the road, but at the computer screen in his police vehicle. In his vehicle accident review, Gentile identified the cause of the accident as “distracted by computer, elevated speed due to response call, and limited sight distance due to hill crest.” The review form asked, “[w]hat could you have reasonably done to prevent this accident?” Gentile responded, “[v]erify call details using radio instead of computer while responding to a call.”
Plaintiff claims liability should be based upon an ordinary negligence standard. However, defendants argue liability should be imposed only if Officer Gentile was acting with reckless disregard for others.
Vehicle and Traffic Law § 1104 (b) (3) provides the driver of an emergency vehicle involved in an emergency operation may “[e]xceed the maximum speed limits so long as he does not endanger life or property.” Vehicle and Traffic Law § 1104 (e) provides Vehicle and Traffic Law § 1104 (b) (3) does not relieve the driver from the duty to drive with due regard for the safety of all persons and it does not “protect the driver from the consequences of his reckless disregard for the safety of others.” As a result,
*1004 “[w]hen a police officer engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b), such conduct may not form the basis of civil liability to an injured third party unless the officer acts in reckless disregard for the safety of others” (Miller v Suffolk County Police Dept., 105 AD3d 918, 918 [2d Dept 2013]).
Or, as stated by the Court of Appeals,
“the reckless disregard standard of care in Vehicle and Traffic Law § 1104 (e) only applies when a driver of an authorized emergency vehicle involved in an emergency operation engages in the specific conduct exempted from the rules of the road by Vehicle and Traffic Law § 1104 (b). Any other injury-causing conduct of such a driver is governed by the principles of ordinary negligence” (Kabir v County of Monroe, 16 NY3d 217, 220 [2011]).
Applying these principles the court finds the liability of Officer Gentile is governed by an ordinary negligence standard. First, when Officer Gentile stated he could have prevented the accident by verifying the details of the call by listening to his radio rather than looking at his computer screen, he acknowledged that the injury-causing conduct was his attention to the computer screen rather than to the road. Thus, Officer Gentile admits the accident was caused, not by his speed, but by his failure to look where he was going. Second, Vehicle and Traffic Law § 1104 (b) (3) does not unconditionally permit the driver of an emergency vehicle to exceed the speed limit. Rather, it permits a driver to exceed the speed limit “so long as he does not endanger life or property.” Here, Officer Gentile knew, or should have known, he was endangering life and property when he sped down the road with his eyes, not on the road before him, but on the computer screen beside him, as he approached an intersection he knew to be dangerous due to its limited sight distance.
Accordingly, liability here is based upon the principles of ordinary negligence. Plaintiff established her entitlement to judgment as a matter of law by demonstrating that Officer Gentile’s vehicle struck her stopped vehicle in the rear (Martorell v Marcus, 106 AD3d 883 [2d Dept 2013]). In opposition, defendants failed to raise a triable issue of fact.