OTTY Cab Corp., Appellant, 


v 


Asif Nazir, Respondent.

Eppinger, Reingold & Korder (Mitchell L. Korder, Esq.), for appellant.
Sheppard, Mullin, Richter & Hampton, LLP (Jean N. Ripley, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Mojgan Cohanim Lancman, J.), entered March 15, 2016. The order denied plaintiff's motion for summary judgment.




ORDERED that the order is affirmed, without costs.
Plaintiff, a yellow medallion New York City taxicab corporation, commenced this action to recover the sum of $7,282.89 for damage to plaintiff's taxicab as a result of a motor vehicle accident. In plaintiff's summons and endorsed complaint, plaintiff alleged that defendant, who was driving the taxicab under an alleged weekly lease, had, at the time of the accident, been negligent in operating the taxicab. After issue had been joined, plaintiff moved for summary judgment, contending that defendant had been solely responsible for the accident, a rear-end collision with another vehicle. The Civil Court denied plaintiff's motion in an order entered March 15, 2016, from which plaintiff appeals.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [*2][1985]). In support of its motion for summary judgment, on the issue of liability, plaintiff submitted a police accident report (MV-104AN) containing a description of the accident, as well as an MV-104 accident report that had been completed by defendant, in which he stated that the car in front of him had suddenly stopped and that the front of his taxicab had hit the rear of that car. Although the police accident report was inadmissible, as the police officer who had completed the report had not personally observed the accident (see Holliday v Hudson Armored Car & Courier Serv., 301 AD2d 392 [2003]; Yeargans v Yeargans, 24 AD2d 280 [1965]); the source of the statement describing the accident was not identified (see Noakes v Rosa, 54 AD3d 317, 318 [2008]; Battista v Rizzi, 228 AD2d 533 [1996]); and it was not established that the unidentified source was under a business duty to make the statement or that some other hearsay exception applied (see Cover v Cohen, 61 NY2d 261, 274 [1984]; Noakes v Rosa, 54 AD3d at 318), the MV-104 accident report that had been completed by defendant was admissible as a party admission (see e.g. Benedikt v Certified Lbr. Corp., 60 AD3d 798 [2009]; Ashif v Won Ok Lee, 57 AD3d 700 [2008]). 
Here, plaintiff established its prima facie entitlement to judgment as a matter of law on the issue of negligence by demonstrating that the taxicab driven by defendant had collided with the rear of another vehicle. Thus, defendant was required to come forward with evidence of a non-negligent explanation for the collision, in order to rebut the inference of negligence (see Drakh v Levin, 123 AD3d 1084 [2014]). In opposition, defendant raised a triable issue of fact with evidence of a non-negligent explanation for the collision. Specifically, defendant averred, in his opposing affidavit, that, in attempting to get onto the Grand Central Parkway, he was required to make a blind turn, and that he was unable to see the car on the road in front of him which was "unexpectedly stopped around the turn." Under these circumstances, defendant raised a triable issue of fact, which precluded summary judgment in favor of plaintiff (see Pace v State of New York, 271 AD2d 419 [2000]).
Accordingly, the order is affirmed.
SOLOMON, J.P., and ELLIOT, J., concur.
PESCE, J., taking no part.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 01, 2017