Edgerton v City of New York (2018 NY Slip Op 02598)





Edgerton v City of New York


2018 NY Slip Op 02598


Decided on April 18, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
JEFFREY A. COHEN, JJ.


2016-09891
 (Index No. 12214/12)

[*1]Diane Edgerton, plaintiff, 
v
City of New York, et al., defendants, MTA Bus Company, et al., defendants third-party plaintiffs-appellants; Rosalba Jesse-Allen, et al., third-party defendants-respondents, et al., third-party defendant.


Morris Duffy Alfonso & Faley, New York, NY (Iryna S. Krauchanka, Andrea M. Alonso, and Manuel R. Reynoso of counsel), for defendants third-party plaintiffs-appellants.
Martyn, Toher, Martyn and Rossi, Mineola, NY (John P. Campana of counsel), for third-party defendants-respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants third-party plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated July 8, 2016, as granted that branch of the motion of the third-party defendants Rosalba Jesse-Allen and Sherman F. Allen which was for summary judgment dismissing the third-party complaint insofar as asserted against them and, upon searching the record, awarded summary judgment to the plaintiffs on the issue of liability against the defendants third-party plaintiffs.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 25, 2011, between 7:45 and 8:00 a.m., the plaintiff allegedly sustained personal injuries when she was involved in a three-vehicle accident in Queens. The plaintiff was a passenger in a vehicle operated by the third-party defendant Rosalba Jesse-Allen and owned by the third-party defendant Sherman F. Allen. According to the plaintiff and Jesse-Allen, prior to the incident, the vehicle operated by Jesse-Allen came to a stop behind a vehicle operated by the third-party defendant Habib Shiraz-Sutar without striking it. Shortly thereafter, the vehicle operated by Jesse-Allen was hit in the rear by a bus owned by the defendant third-party plaintiff MTA Bus Company and operated by the defendant third-party plaintiff Shamsundar Baichoo. As a result of the impact, the vehicle operated by Jesse-Allen was pushed into the rear of the vehicle operated by [*2]Habib Shiraz-Sutar, which allegedly was stopped for a red traffic light. The plaintiff commenced this action against, among others, MTA Bus Company and Baichoo (hereinafter together the appellants). The appellants commenced a third-party action against Jesse-Allen, Allen, and Habib Shiraz-Sutar. Jesse-Allen and Allen (hereinafter together the respondents) moved for summary judgment dismissing the third-party complaint insofar as asserted against them, contending that Baichoo's negligent operation of the bus was the sole proximate cause of the accident. The Supreme Court granted the motion, and, upon searching the record, awarded summary judgment to the plaintiff on the issue of liability against the appellants.
A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the rearmost vehicle, thereby requiring that operator to rebut the inference of negligence by providing a non-negligent explanation for the collision (see Perez v Roberts, 91 AD3d 620, 621; Smith v Seskin, 49 AD3d 628, 629). Here, the respondents established their entitlement to judgment as a matter of law by demonstrating, prima facie, that their vehicle was fully stopped for the traffic condition ahead when it was hit in the rear by the bus operated by Baichoo (see Hanakis v DeCarlo, 98 AD3d 1082, 1083; Perez v Roberts, 91 AD3d at 621; Hauser v Adamov, 74 AD3d 1024, 1025; Smith v Seskin, 49 AD3d at 629). In opposition, the the appellants failed to raise a triable issue of fact. The appellants' assertion that the vehicle that Jesse-Allen was operating made a sudden stop, in and of itself, was insufficient to raise a triable issue of fact as to whether there was a nonnegligent explanation for the collision (see Brothers v Bartling, 130 AD3d 554, 556; Le Grand v Silberstein, 123 AD3d 773, 775; Hakakian v McCabe, 38 AD3d 493). Accordingly, the Supreme Court properly granted that branch of the respondents' motion which was for summary judgment dismissing the third-party complaint insofar as asserted against them.
Contrary to the appellants' contention, the Supreme Court properly searched the record and awarded summary judgment to the plaintiff on the issue of liability against them. The issue of whether the plaintiff contributed to the happening of the accident was before the court on the respondents' motion for summary judgment (see Dunham v Hilco Constr. Co., 89 NY2d 425, 430), and the evidence showed that the plaintiff was an innocent passenger who did not engage in any culpable conduct that contributed to the happening of the accident (see Choi v Schwabenbauer, 124 AD3d 574, 575; Anzel v Pistorino, 105 AD3d 784, 785; Medina v Rodriguez, 92 AD3d 850). In any event, to be entitled to summary judgment on the issue of liability, a plaintiff is no longer required to show freedom from comparative fault in establishing his or her prima facie case (see Rodriguez v City of New York (2018 NY Slip Op 02287 [Apr. 3, 2018]).
MASTRO, J.P., ROMAN, SGROI and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court