Jimenez v Ramirez (2019 NY Slip Op 02693)





Jimenez v Ramirez


2019 NY Slip Op 02693


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-06835
 (Index No. 709679/16)

[*1]Maria Jimenez, appellant, 
v
Tennelle D. Ramirez, et al., defendants, Sezgin Canturk, et al., respondents.


Subin Associates, LLP, New York, NY (Robert J. Eisen and Pollack Pollack Isaac & DeCicco [Brian J. Isaac and Jillian Rosen], of counsel), for appellant.
Russo & Tambasco, Melville, NY (Yamile R. Al-Sullami of counsel), for defendants Tennelle D. Ramirez and Girardo I. Ramirez.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), entered April 24, 2018. The order denied the plaintiff's motion for summary judgment on the issue of liability against the defendants Sezgin Canturk and TNT Automotive Corp.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff allegedly sustained injuries when her vehicle was struck in the rear by a vehicle operated by the defendant Tennelle D. Ramirez and owned by the defendant Girardo I. Ramirez (hereinafter the Ramirez vehicle). Prior to the collision between the plaintiff's vehicle and the Ramirez vehicle, the Ramirez vehicle was struck in the rear by a vehicle operated by the defendant Sezgin Canturk and owned by the defendant TNT Automotive Corp. (hereinafter the TNT vehicle). The plaintiff commenced this action against Tennelle D. Ramirez and Girardo I. Ramirez (hereinafter together the Ramirez defendants), as well as Canturk and TNT Automotive Corp. (hereinafter together the TNT defendants). Before depositions were conducted, the plaintiff moved for summary judgment on the issue of liability against the TNT defendants. The Supreme Court denied the motion, and the plaintiff appeals.
"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]; Russell v J.L. Femia Landscape Servs., Inc., 161 AD3d 1119, 1120). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence (see Tutrani v County of Suffolk, 10 NY3d 906, 908; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1034; Edgerton v City of New York, 160 AD3d 809, 810).
Here, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability insofar as asserted against the TNT defendants. The plaintiff's affidavit, submitted in support of her motion, demonstrated that the plaintiff had no first-hand [*2]knowledge of the facts surrounding the collision between the Ramirez vehicle and the TNT vehicle, including when it occurred relative to the collision between the Ramirez vehicle and her own vehicle. The plaintiff's affidavit also showed that the plaintiff learned about the collision between the Ramirez vehicle and the TNT vehicle only after her vehicle had been struck in the rear by the Ramirez vehicle. Accordingly, the plaintiff failed to demonstrate that the Ramirez vehicle was propelled into her vehicle as a result of being struck in the rear by the TNT vehicle. The plaintiff also failed to demonstrate that the driver of the TNT vehicle, which never came into contact with the plaintiff's vehicle, was negligent in causing the plaintiff's injuries (see Hartfield v Seenarraine, 138 AD3d 1060, 1061). With respect to the police accident report submitted in support of the motion, the statement in the report's description of the accident that an impact to the rear of the Ramirez vehicle propelled it into the plaintiff's vehicle was not explicitly attributed to any witness and constituted inadmissible hearsay (see Ardanuy v RB Juice, LLC, 164 AD3d 1296, 1297; Hartfield v Seenarraine, 138 AD3d at 1061; Memenza v Cole, 131 AD3d 1020, 1022-1023; Baldwin v Mateogarcia, 57 AD3d 594, 595).
Accordingly, we agree with the Supreme Court's determination to deny the plaintiff's motion for summary judgment on the issue of liability against the TNT defendants, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We decline the Ramirez defendants' request that we search the record and award summary judgment dismissing the complaint insofar as asserted against them.
LEVENTHAL, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court