■ IRVING HENDERSON et al., Appellants, v L & K COLLISION

Corp., Doing Business as South Shore Collision, Respondent. —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), entered December 4, 1987, which denied their motion for partial summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The plaintiff Irving Henderson was injured when an automobile bumper, which had been placed upright against a wall of the defendant L & K Collision Corp.'s garage, suddenly fell, striking his foot and resulting in the partial amputation of his big toe. The accident occurred as the injured plaintiff stood outside the door of the defendant's office discussing with one of the garage employees the body work he wanted performed on his own automobile.

The plaintiffs' complaint alleged that the defendant was negligent in failing to properly secure the bumper which was situated against a wall of the building between the garage door and the office door so as to prevent injuries to its customers. The proof submitted on the plaintiffs' motion for summary judgment established that the injured plaintiff and the defendant's employee were standing about four feet from the building where the six-foot long metal bumper was situated. The plaintiff did not notice the bumper prior to the accident nor did he come into contact with it prior to the injury-causing event. In fact, the defendant's employee acknowledged at his examination before trial that he and the plaintiff were merely standing outside the garage conversing immediately prior to the accident. The defendant's sole submission in opposition was the affirmation of its attorney to which were annexed copies of the examinations before trial of the injured plaintiff and the defendant's employee.

Although negligence cases do not generally lend themselves to resolution by motion for summary judgment because the issue of negligence and the reasonableness of the parties' conduct are questions of fact for the jury to determine, summary judgment may be granted if the negligence of the defendant may be concluded as a matter of law *(Ugarriza v Schmieder,* 46 NY2d 471, 474). We find that the plaintiffs' moving papers, when read in conjunction with the pleadings and the examination before trial of the defendant's employee annexed thereto, established the defendant's breach of its duty to the plaintiff supporting a finding of negligence as a matter

of law. A landowner has a duty to another on his land to use reasonable care under the circumstances, considering the purpose of the person's presence, the likelihood of injury, the seriousness of potential injury, and the burden of avoiding the risk *(see, Macey v Truman,* 70 NY2d 918; *Kush v City of Buffalo,* 59 NY2d 26; *Basso v Miller,* 40 NY2d 233). Here, the defendant's conduct in placing the automobile bumper in an upright and unsecured position in an area where customers were likely to ·be present created a strong likelihood that the bumper would fall on a customer. Thus, we can say, as a matter of law, that the accident was foreseeable. The defendant's opposition did not supply evidentiary proof and raise any triable issue of fact to successfully resist the summary judgment motion. In view of the foregoing, we reverse and grant summary judgment to the plaintiffs. Mangano, J. P., Thompson, Brown and Kunzeman, JJ., concur.