■ Louis J. Russo, Appellant, v Sabella Bus Co. et al., Respondents. [713 NYS2d 315] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about July 2, 1999, which, in an action for personal injuries sustained when plaintiff's vehicle rear-ended defendants' vehicle, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants' disabled vehicle was stationary in the right lane of a highway when it was rear-ended by plaintiff's vehicle. Such circumstances create a presumption that the accident was due to plaintiff's fault (*see*, *Mitchell v Gonzalez*, 269 AD2d 250, 251), requiring him, in order to avoid dismissal of the action, to come forward with evidence that the accident was at least in part due to defendants' fault. Plaintiff failed to come forward with any such evidence. His claim that his view of defendants' vehicle was blocked by a vehicle in front of him, and that the collision occurred when the front vehicle suddenly made a lane change, does not in any way show that defendants were negligent (*see*, *Hanak v Jani*, 265 AD2d 453). Nor does it avail plaintiff to argue that defendants were negligent in failing to pull their disabled vehicle onto the shoulder of the parkway, purportedly in violation of Vehicle and Traffic Law § 1201 (a). Such argument is based on the opinion of plaintiff's expert that the driver of defendants' vehicle had ample coasting distance to remove the bus from the right lane onto the shoulder of the road. Such opinion must be rejected as pure speculation absent any first-hand evidence of the speed at which defendants' vehicle was moving at the time it became

disabled. Concur—Rosenberger, J. P., Nardelli, Tom, Mazzarelli and Rubin, JJ.