■ JIMMY MERRIMAN, Respondent, v INTEGRATED BUILDING CONTROLS, INC., et al., Appellants. [922 NYS2d 562]—

In an action to recover damages for personal injuries, the de-

fendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Golia, J.), entered September 7, 2010, as granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) and denied that branch of their cross motion which was for summary judgment dismissing that cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1), and substituting therefor a provision denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The evidence submitted by the defendants in support of that branch of their cross motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) failed to eliminate all triable issues of fact as to whether the plaintiff's alleged negligence was the sole proximate cause of the subject accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Thus, the Supreme Court properly denied that branch of the defendants' cross motion.

The Supreme Court, however, should have also denied the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). In response to the plaintiff's prima facie showing of his entitlement to judgment as a matter of law, the defendants submitted, inter alia, a report prepared by a neurologist who examined the plaintiff approximately six weeks after the accident. In recounting the circumstances of the accident, the report recited that, while descending the ladder on which he had been working, the plaintiff "missed a step." If credited, this statement, which is inconsistent with the account set forth in the plaintiff's affidavit in support of his motion for summary judgment, would support a finding that the plaintiff's alleged negligence was the sole proximate cause of his injuries (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280 [2003]).

The statement in the medical report was not germane to the diagnosis or treatment of the plaintiff and, therefore, at trial, it would not be admissible for its truth under the business records exception to the hearsay rule (*see* CPLR 4518; *Williams v Alexander*, 309 NY 283 [1955]). Nonetheless, the requirement that evidentiary proof be submitted in admissible form is " 'more flexible' " when applied to a party opposing a motion for summary judgment than it is when applied to the moving party

(*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980], quoting *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]). Accordingly, "proof which might be inadmissible at trial may, nevertheless, be considered in opposition to a motion for summary judgment" (*Zuilkowski v Sentry Ins.*, 114 AD2d 453, 454 [1985]; *see Phillips v Kantor & Co.*, 31 NY2d 307 [1972]), particularly when the inadmissible evidence does not provide the sole basis for the denial of summary judgment (*see Phillips v Kantor & Co.*, 31 NY2d at 310, 315). Such proof is permissible as long as the nonmoving party is able to " 'demonstrate acceptable excuse for his failure to meet the strict requirement of tender in admissible form' " (*Zuckerman v City of New York*, 49 NY2d at 562, quoting *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d at 1068; *see Moffett v Gerardi*, 75 AD3d 496, 498 [2010]).

Here, the defendants demonstrated an acceptable excuse for failing to elicit admissible evidence from the plaintiff's treating neurologist at this stage of the proceedings. Moreover, even without considering the inadmissible evidence in the neurologist's report, the plaintiff's equivocal responses at his deposition regarding the possibility that he "missed a step" while descending the ladder, as well as the defendants' potential ability to present the evidence contained in the medical report in admissible form at trial (*see Williams v Alexander*, 309 NY at 285 n), establish the arguable existence of a triable issue of fact (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957]). Accordingly, the defendants' submissions were sufficient to raise a triable issue of fact, requiring the denial of the plaintiff's motion. Prudenti, P.J., Angiolillo, Dickerson and Roman, JJ., concur.