■  CHRISTINE DILIBERTO, Appellant, v CORENE BARBERICH, Respondent. [941 NYS2d 884]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Farneti, J.), dated October 17, 2011, which denied her cross motion for summary judgment, in effect, on the issue of li-

ability, and dismissing the fifth affirmative defense alleging the lack of a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's cross motion which was for summary judgment, in effect, on the issue of liability, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff established her prima facie entitlement to judgment as a matter of law on the issue of liability (*see Franklin v 2 Guys From Long Pond, Inc.*, 50 AD3d 846, 847 [2008]; *Gregson v Terry*, 35 AD3d 358, 361 [2006]; *Russo v Sabella Bus Co.*, 275 AD2d 660 [2000]). In opposition, the defendant failed to raise a triable issue of fact as to her liability (*Russo v Sabella Bus Co.*, 275 AD2d at 660-661). Accordingly, the Supreme Court should have granted that branch of the plaintiff's cross motion which was for summary judgment, in effect, on the issue of liability.

The plaintiff, however, failed to establish her prima facie entitlement to judgment as a matter of law dismissing the fifth affirmative defense, which alleged that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. While the plaintiff submitted competent medical evidence establishing, prima facie, that she had a fractured rib, which constitutes a serious injury within the meaning of Insurance Law § 5102 (d) (*see Bebry v Farkas-Galindez*, 276 AD2d 656 [2000]), she failed to establish, prima facie, that the injury was causally related to the subject accident (*see Kapeleris v Riordan*, 89 AD3d 903, 904 [2011]; *Elshaarawy v U-Haul Co. of Miss.*, 72 AD3d 878, 881 [2010]; *Dabbs v Kelly*, 245 AD2d 482, 482-483 [1997]). Accordingly, since the plaintiff failed to meet her prima facie burden, the Supreme Court properly denied that branch of the plaintiff's cross motion which was for summary judgment dismissing the fifth affirmative defense, without considering the sufficiency of the defendant's opposition papers (*see Altamura v OneBeacon Ins. Group*, 68 AD3d 792 [2009]; *see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.