■ GLENN SERMOS et al., Respondents, v VINCENZA GRUPPUSO et al., Appellants. [944 NYS2d 245]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated May 11, 2011, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff Glenn Sermos (hereinafter the injured plaintiff) tripped and fell on a loose board of the backyard deck at the defendants' home, causing him to fall into the attached pool and sustain injuries. There were no witnesses to the accident. It was later discovered that the defendant Pietro Gruppuso had been attempting to repair a pool light earlier in the day, which required him to remove two wooden boards from the attached deck, and that he failed to secure them back in place afterwards, leaving them loose and unstable.

The injured plaintiff, and his wife, suing derivatively, commenced the instant action seeking damages, alleging that the defendants were negligent in the maintenance of their property, and that their negligence was the proximate cause of the injured plaintiff's injuries. Following discovery, which included the dep-

ositions of all parties, the plaintiffs moved for summary judgment on the issue of liability, relying primarily on the admissions of the defendants regarding the loose boards on the backyard deck. The defendants opposed the motion, submitting and relying primarily on certain notes contained in uncertified medical records of the injured plaintiff which state, in part, that he was injured while jumping into the pool. The Supreme Court granted the motion. The defendants appeal. We affirm.

"To impose liability upon a defendant in a trip-and-fall action, there must be evidence that a dangerous or defective condition existed, and that the defendant either created the condition or had actual or constructive notice of it" (*Dennehy-Murphy v Nor-Topia Serv. Ctr., Inc.*, 61 AD3d 629, 629 [2009]; *see Spindell v Town of Hempstead*, 92 AD3d 669 [2012]; *McMahon v Gold*, 78 AD3d 908, 909 [2010]). Further, it must be established that a defendant landowner gave insufficient warning of any latent, dangerous condition on his or her property, since such warning "is a natural counterpart to his [or her] duty to maintain his [or her] property in a reasonably safe condition" (*Galindo v Town of Clarkstown*, 2 NY3d 633, 636 [2004]; *see Martino v Stolzman*, 18 NY3d 905 [2012]).

Here, the plaintiffs met their burden on their motion for summary judgment by submitting evidence that the defendants created the defective and dangerous condition that was the proximate cause of the injured plaintiff's injuries (*see Henderson v L & K Collision Corp.*, 146 AD2d 569, 571 [1989]), and failed to warn of the latent dangerous condition (*see Martino v Stolzman*, 18 NY3d 905 [2012]; *Galindo v Town of Clarkstown*, 2 NY3d at 636; *Tagle v Jakob*, 97 NY2d 165, 169 [2001]). Accordingly, the burden shifted to the defendants "to tender evidence, in a form admissible at trial, sufficient to raise a triable issue of fact" (*Reyes v Arco Wentworth Mgt. Corp.*, 83 AD3d 47, 50 [2011]).

The Supreme Court correctly concluded that the defendants failed to tender admissible evidence sufficient to raise a triable issue of fact as to the proximate cause of the injured plaintiff's injuries. The defendants submitted only certain records from Stony Brook University Medical Center, which contained notations that the injured plaintiff was injured while jumping into the pool.

Initially, we observe that the notations in the hospital record upon which the defendants rely were not attributed to the injured plaintiff. In any event, even if the subject notations were statements attributable to him, none of these notations was germane to his diagnosis or treatment and, at trial, would

not be admissible for their truth under the business records exception to the hearsay rule (*see* CPLR 4518; *People v Ortega*, 15 NY3d 610 [2010]; *Williams v Alexander*, 309 NY 283 [1955]; *Merriman v Integrated Bldg. Controls, Inc.*, 84 AD3d 897 [2011]; *Carcamo v Stein*, 53 AD3d 520 [2008]). The inadmissibility of these notations is especially apt where, as here, such evidence is the sole proffered basis for the denial of summary judgment (*see Phillips v Kantor & Co.*, 31 NY2d 307, 310 [1972]), and where the nonmoving party is not able to demonstrate an acceptable excuse for its failure to tender that evidence in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]; *Merriman v Integrated Bldg. Controls, Inc.*, 84 AD3d 897 [2011]; *Allstate Ins. Co. v Keil*, 268 AD2d 545, 545-546 [2000]).

Accordingly, the Supreme Court properly excluded the medical records from its consideration, and properly held that the defendants failed to raise a triable issue of fact in opposition to the plaintiffs' motion (*see Monteleone v Jung Pyo Hong*, 79 AD3d 988 [2010]; *Joseph v Hemlok Realty Corp.*, 6 AD3d 392, 393 [2004]; *Allstate Ins. Co. v Keil*, 268 AD2d 545 [2000]; *Schiffren v Kramer*, 225 AD2d 757 [1996]; *Henderson v L & K Collision Corp.*, 146 AD2d at 571). Mastro, A.P.J., Balkin, Sgroi and Cohen, JJ., concur.