■ Marion Castle et al., Respondents, v Osei Bawuah, Respondent, and Marie A. Dorsainville et al., Appellants. [957 NYS2d 213]—

This action arises from an automobile accident involving three vehicles which were traveling within the same lane of traffic. With respect to that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the defendants Marie A. Dorsainville and Jose Dorsainville (hereinafter together the appellants), the plaintiffs established their prima facie entitlement to judgment as a matter of law by submitting the affidavit of the plaintiff driver, wherein she stated that she was fully stopped at a red light when her vehicle was struck in the rear (*see Piltser v Donna Lee Mgt. Corp.*, 29 AD3d 973 [2006]; *Bustillo v Matturro*, 292 AD2d 554 [2002]; *Jeremic v Tong*, 283 AD2d 461 [2001]). With respect to that branch of the cross motion of the defendant Osei Bawuah which was for summary judgment dismissing all cross claims insofar as asserted against him, Bawuah established his prima facie entitlement to judgment as a matter of law by demonstrating that he stopped his vehicle behind the plaintiffs' stopped vehicle, and that he only struck the plaintiffs' vehicle after his vehicle was struck by the appellants' vehicle (*see Perez v Roberts*, 91 AD3d 620, 621 [2012]; *Hauser v Adamov*, 74 AD3d 1024, 1025 [2010]; *Franco v Breceus*, 70 AD3d 767 [2010]).

In opposition to the motion and cross motion, the appellants submitted evidence sufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). The appellant driver, Marie A. Dorsainville, averred that the Bawuah ve-

hicle struck the plaintiffs' vehicle in the rear before the appellants' vehicle struck the rear of the Bawuah vehicle. The appellant driver also averred that, after she struck the Bawuah vehicle, the Bawuah vehicle did not strike the plaintiffs' vehicle again. The appellants also submitted a copy of the police accident report, which stated that, according to Bawuah, the plaintiffs' vehicle stopped short and caused his vehicle to collide with it. The Supreme Court should have considered the police accident report submitted in opposition, since it did not provide the sole basis for the denial of summary judgment, and there was an acceptable excuse for the failure to tender the evidence in admissible form (*see Phillips v Kantor & Co.*, 31 NY2d 307 [1972]; *Merriman v Integrated Bldg. Controls, Inc.*, 84 AD3d 897, 899 [2011]; *Moffett v Gerardi*, 75 AD3d 496 [2010]; *Zuilkowski v Sentry Ins.*, 114 AD2d 453, 454 [1985]).

The parties presented conflicting accounts as to how the incident occurred. Accordingly, the Supreme Court should have denied that branch of the plaintiffs' motion which was for summary judgment on the issue of liability against the appellants, and should have denied that branch of Bawuah's cross motion which was for summary judgment dismissing all cross claims insofar as asserted against him (*see Polanco-Espinal v City of New York*, 84 AD3d 914 [2011]; *Geschwind v Hoffman*, 285 AD2d 448 [2001]). Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.