# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1060**
**CA 14-00703**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

RICHARD J. RICE AND TAMMY A. SCHUELER, AS
ADMINISTRATORS OF THE ESTATE OF ALEXANDRIA M.
RICE, DECEASED, PLAINTIFFS-RESPONDENTS,

                V                              MEMORANDUM AND ORDER

JAMES G. CORASANTI, M.D., DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

LAW OFFICE OF EPSTEIN, GIALLEONARDO & HARTFORD, GETZVILLE (ROBERT L.
HARTFORD OF COUNSEL), AND HARRIS BEACH PLLC, BUFFALO, FOR
DEFENDANT-APPELLANT.

CONNORS & VILARDO, LLP, BUFFALO (LAWLOR F. QUINLAN, III, OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------

    Appeal from an order of the Supreme Court, Erie County (John L.
Michalski, A.J.), entered October 11, 2013.  The order, insofar as
appealed from, denied those parts of the motion of defendant seeking
to dismiss all claims for punitive damages, conscious pain and
suffering, preimpact terror and psychic injury.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum:  In this wrongful death action, plaintiffs seek
damages for fatal injuries sustained by decedent when she was struck
by an automobile operated by defendant.  The accident occurred at
approximately 11:30 p.m. on July 8, 2011.  At the time of the accident
decedent was on a skateboard, traveling in the same direction as
defendant.  The collision threw decedent approximately 167 feet from
the point of impact.  She was transported to a nearby hospital, where
she was pronounced dead at 12:04 a.m. on July 9, 2011.  Defendant was
prosecuted for several criminal offenses, and was convicted after a
jury trial of driving while intoxicated (Vehicle and Traffic Law §
1192 [3]).

    In appeal No. 1, defendant appeals from an order that denied his
motion seeking, inter alia, summary judgment dismissing plaintiffs'
claims for decedent's conscious pain and suffering, preimpact terror
and psychic injury, and their claim for punitive damages.  In appeal
No. 2, plaintiffs appeal from an order that denied in part their
motion seeking a protective order to prevent disclosure of certain
mental health records of decedent.

We conclude in appeal No. 1 that Supreme Court properly denied defendant's motion. While defendant submitted evidence that "decedent was unconscious when found at the scene and continued to be unconscious thereafter," his submissions fail to address the interval immediately after the impact until decedent was discovered by witnesses 167 feet from the collision (*Barron v Terry*, 268 AD2d 760, 761; *see Houston v McNeilus Truck & Mfg., Inc.*, 115 AD3d 1185, 1186). Thus, defendant failed to establish as a matter of law that decedent did not endure conscious pain and suffering (*see Houston*, 115 AD3d at 1186; *Jehle v Hertz Corp.*, 174 AD2d 812, 813). With respect to the claims for preimpact terror and psychic injury, "defendant's submissions . . . were inconclusive as to whether the decedent saw the oncoming vehicle, and thus failed to demonstrate the absence of any material issues of fact" (*Cadieux v D.B. Interiors*, 214 AD2d 323, 324; *see Houston*, 115 AD3d at 1186). Even assuming, arguendo, that defendant met his initial burden with regard to the claim for punitive damages, we conclude that plaintiffs' evidence raises triable issues of fact whether defendant's conduct warrants an award of such damages (*see Schragel v Juszczyk*, 43 AD3d 1375, 1375-1376; *Thorne v Grubman*, 21 AD3d 254, 255).

In appeal No. 2, we conclude that the court should have granted in its entirety plaintiffs' motion for a protective order with respect to decedent's mental health treatment records. Plaintiffs did not waive their right to shield those records from disclosure by consenting to the court's in camera review of the records (*see Garcia v Montefiore Med. Ctr.*, 209 AD2d 208, 209), nor did plaintiffs place decedent's emotional or mental condition in controversy (*see Churchill v Malek*, 84 AD3d 446, 446). We agree with plaintiffs, moreover, that Mental Hygiene Law § 33.13 (c) (1) prohibits release of the records at issue. As relevant to this action, that section provides that such records "shall not be released . . . except . . . pursuant to an order of a court of record requiring disclosure upon a finding by the court that the interests of justice significantly outweigh the need for confidentiality." The court made no such finding here, and the record does not support such a finding (*see Del Terzo v Hospital for Special Surgery*, 95 AD3d 551, 553).

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court