# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1108**

**CA 16-01125**

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.

---

COLLEEN M. ZBOCK, AS ADMINISTRATRIX OF THE
ESTATE OF JOHN P. ZBOCK, JR., DECEASED,
PLAINTIFF-RESPONDENT,

                V                            MEMORANDUM AND ORDER

DANIEL B. GIETZ, RONNIE L. BROWN, PHILLIP C.
FOURNIER, FOURNIER ENTERPRISES, INC., AND COPE
BESTWAY EXPRESS, INC., DOING BUSINESS AS
BESTWAY DISTRIBUTION SERVICE,
DEFENDANTS-APPELLANTS.

---

BURDEN, GULISANO & HANSEN, LLC, BUFFALO (SARAH HANSEN OF COUNSEL), FOR
DEFENDANTS-APPELLANTS PHILLIP C. FOURNIER, FOURNIER ENTERPRISES, INC.,
AND COPE BESTWAY EXPRESS, INC., DOING BUSINESS AS BESTWAY DISTRIBUTION
SERVICE.

BROWN & KELLY, LLP, BUFFALO (RENATA KOWALCZUK OF COUNSEL), FOR
DEFENDANT-APPELLANT DANIEL B. GIETZ.

CHELUS, HERDZIK, SPEYER & MONTE P.C., BUFFALO (MICHAEL J. CHMIEL OF
COUNSEL), FOR DEFENDANT-APPELLANT RONNIE L. BROWN.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-RESPONDENT.

---

Appeals from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered February 1, 2016. The order, insofar as appealed from, denied in part the motions of defendants for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion of defendant Ronnie L. Brown in its entirety and dismissing the complaint and all cross claims against him and as modified the order is affirmed without costs.

Memorandum: Plaintiff, as administratrix of the estate of John P. Zbock, Jr. (decedent), commenced this action seeking damages for the wrongful death and conscious pain and suffering of decedent allegedly resulting from a motor vehicle accident. The fatal accident occurred on Interstate 190 on the North Grand Island bridge. The sequence of events leading to the accident began when a van operated by defendant Ronnie L. Brown lost power as it approached the crest of

the bridge, and Brown moved the van to the right, but it remained in the travel lane.  After activating his four-way hazard lights, Brown exited the van and descended the bridge on foot to obtain assistance. A tractor-trailer operated by defendant Phillip C. Fournier (Fournier) and owned by defendants Fournier Enterprises, Inc. and Cope Bestway Express, Inc., doing business as Bestway Distribution Service (together with Fournier, the Fournier defendants), was proceeding in the right lane when Fournier observed Brown's disabled van.  Fournier slowed the tractor-trailer, moved into the left lane and engaged the four-way hazard lights.  Defendant Daniel B. Gietz was operating a pickup truck in the right lane, and at some point decedent moved from behind the tractor-trailer in the left lane into the right lane.  When Gietz was beside the tractor-trailer, the vehicle directly in front of Gietz moved into the left lane, and he noticed Brown's disabled van for the first time.  Gietz slammed on his brakes to avoid a collision and immediately looked at his rearview mirror to see if he would be rear-ended.  As soon as he stopped, Gietz observed decedent's motorcycle collide with the rear driver's side corner of his pickup truck.  Decedent was propelled over the pickup truck, and both decedent and the motorcycle slid under the Fournier defendants' tractor-trailer, which ran over decedent.  Decedent was pronounced dead at the scene.

Supreme Court properly denied those parts of the motions of Gietz and the Fournier defendants seeking summary judgment on the issues of negligence, proximate cause and the applicability of the emergency doctrine.  With respect to Gietz, we conclude that he failed to meet his burden on the issues of negligence and proximate cause.  The rear-end collision with the stopped pickup truck established a prima facie case of negligence on the part of decedent and, in order to rebut the presumption of negligence, plaintiff was required to "submit a non[]negligent explanation for the collision" (*Pitchure v Kandefer Plumbing & Heating*, 273 AD2d 790, 790).  Gietz's own account of the accident at his deposition provided a nonnegligent explanation for the collision on decedent's part and thereby rebutted the presumption of negligence.  "One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle . . . , and such an explanation is sufficient to overcome the inference of negligence and preclude an award of summary judgment" (*Tate v Brown*, 125 AD3d 1397, 1398 [internal quotation marks omitted]).  The fact that decedent may have also been negligent does not absolve Gietz of liability inasmuch as an accident may have more than one proximate cause (*see Heal v Liszewski*, 294 AD2d 911, 911).  We further conclude that Gietz failed to establish that he is entitled to the benefit of the emergency doctrine as a matter of law, inasmuch as his own submissions raise issues of fact whether he contributed to the emergency by failing to notice the disabled van in his lane or react to the actions of the tractor-trailer beside him (*see Stewart v Ellison*, 28 AD3d 252, 254).

With respect to the Fournier defendants, we conclude that the deposition testimony of one of the nonparty witnesses raised triable issues of fact whether Fournier negligently made an unsafe lane change that contributed to the foreseeable chain of events culminating in the fatal accident (*see Fogel v Rizzo*, 91 AD3d 706, 707; *Aguilar v Alonzo*,

66 AD3d 927, 928).  Any inconsistencies in the testimony of that witness raised credibility issues that cannot be resolved on a summary judgment motion (*see Uribe v Merchants Bank of N.Y.*, 239 AD2d 128, 128, *affd* 91 NY2d 336; *Knepka v Tallman*, 278 AD2d 811, 811).  Further, the emergency doctrine is inapplicable to the allegedly negligent conduct of Fournier, which consisted of making an abrupt lane change that cut decedent off and contributed to the emergency.  Inasmuch as Fournier did not change lanes in response to a perceived emergency, and indeed the emergency did not arise until the lane change was made, the emergency doctrine does not apply (*see Jablonski v Jakaitis*, 85 AD3d 969, 970).

Contrary to the contentions of Gietz and the Fournier defendants, we further conclude that the court properly denied those parts of their motions for summary judgment dismissing plaintiff's claim for damages based upon decedent's preimpact terror.  Evidence that decedent was thrown under the tractor-trailer moments following the collision with the pickup truck is sufficient to support that claim (*see Rice v Corasanti*, 122 AD3d 1374, 1375-1376).

The court erred, however, in granting Brown's motion only in part, and should have granted in its entirety Brown's motion for summary judgment dismissing the complaint and cross claims against him.  Brown submitted evidence establishing as a matter of law that his efforts to warn approaching motorists of his disabled van were reasonable (*cf. Axelrod v Krupinski*, 302 NY 367, 369-370; *see generally Russo v Sabella Bus Co.*, 275 AD2d 660, 660-661), and the deposition testimony of a witness that she observed his van without its hazard lights flashing more than two hours after the accident did not raise a triable issue of fact.  We therefore modify the order accordingly.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court