Pena v Anokye (2018 NY Slip Op 02891)





Pena v Anokye


2018 NY Slip Op 02891


Decided on April 26, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2018

Renwick, J.P., Manzanet-Daniels, Tom, Andrias, Oing, JJ.


6379

[*1]Jose Pena, Plaintiff-Respondent, 
v
Elijah Anokye, et al., Defendants, Pedro Auto Corp., et al., Defendants-Appellants.


Marjorie E. Bornes, Brooklyn, for appellants.
Scott Baron & Associates, PC, Yonkers (Elliot Skydel of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered February 9, 2017, which denied the motion of defendants Pedro Auto Corp. (PAC) and Mamerto Torres for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.
Defendants Torres and PAC established entitlement to judgment as a matter of law by establishing that they were not negligent. Torres and PAC submitted evidence showing that on the day of the accident, Torres was operating a vehicle owned by PAC when it overheated. Torres pulled the vehicle over into a bus stop lane, raised the hood, and turned on the car's hazard lights. Plaintiff was driving by when he recognized Torres, and pulled his vehicle over in front of Torres's vehicle to see if he could be of assistance. While Torres and plaintiff stood in front of the disabled vehicle, it was struck by a vehicle operated by defendant Elijah Anokye, resulting in plaintiff's injuries (see Russo v Sabella Bus Co., 275 AD2d 660 [1st Dept 2000]; Zbock v Gietz, 145 AD3d 1521 [4th Dept 2016]).
Plaintiff's affidavit, in which he stated that Torres's vehicle was approximately three-to-four feet from the curb, failed to rebut defendants' showing. There is no evidence that any portion of Torres's vehicle was located in the traffic lane, or unnecessarily blocked traffic. In fact, plaintiff observed the disabled vehicle, and drove past it before stopping to assist Torres. That Torres's vehicle was allegedly improperly parked at the bus stop for approximately 45 minutes, instead of 30-40 feet ahead at a metered spot in the same lane, is irrelevant to the cause of the accident (see Sheehan v City of New York, 40 NY2d 496, 503 [1976]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 26, 2018
CLERK