Gomez v Kitchen & Bath by Linda Burkhardt, Inc. (2019 NY Slip Op 02070)





Gomez v Kitchen & Bath by Linda Burkhardt, Inc.


2019 NY Slip Op 02070


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-01092
 (Index No. 502157/13)

[*1]Ivan Gomez, respondent, 
v
Kitchen & Bath by Linda Burkhardt, Inc., appellant, et al., defendants (and a third-party action).


Gorton & Gorton LLP, Garden City, NY (Thomas P. Gorton of counsel), for appellant.
Ginarte Gallardo Gonzalez & Winograd, LLP, New York, NY (Timothy Norton of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Kitchen & Bath by Linda Burkhardt, Inc., appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated December 8, 2016. The order granted the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against that defendant.
ORDERED that the order is affirmed, with costs.
The plaintiff, a painter employed by nonparty Edgar Duchi, allegedly was injured when the A-frame ladder on which he was standing collapsed, causing him to fall. The plaintiff commenced this personal injury action against, among others, the defendant Kitchen & Bath by Linda Burkhardt, Inc. (hereinafter the defendant), the general contractor for the renovation project on which the plaintiff was working, alleging, inter alia, that the defendant violated Labor Law § 240(1). The plaintiff testified at his deposition that the ladder his supervisor provided to him had a broken lock, and that in order to hold the ladder open, his supervisor inserted a screwdriver into a hole and used the screwdriver as a makeshift lock. The plaintiff further testified that he complained about the defect to his supervisor, but his supervisor failed to correct the problem. After the plaintiff fell, he noticed that the screwdriver had fallen out.
Following discovery, the plaintiff moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant. In an order dated December 8, 2016, the Supreme Court granted the plaintiff's motion. The defendant appeals.
"Labor Law § 240(1) imposes upon owners and general contractors, and their agents, a nondelegable duty to provide safety devices necessary to protect workers from risks inherent in elevated work sites" (McCarthy v Turner Constr., Inc., 17 NY3d 369, 374; see Alvarez v Vingsan L.P., 150 AD3d 1177, 1179; Esteves-Rivas v W2001Z/15CPW Realty, LLC, 104 AD3d 802, 803). "To prevail on a Labor Law § 240(1) cause of action, a plaintiff must establish that the statute was [*2]violated and that the violation was a proximate cause of his or her injuries" (Allan v DHL Express [USA], Inc., 99 AD3d 828, 833; see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287).
We agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendant. The plaintiff's deposition testimony established, prima facie, that the defendant, as the general contractor, violated Labor Law § 240(1) by providing a ladder with a defective lock, which caused the ladder to collapse and the plaintiff to fall to the ground (see Cardenas v 111-127 Cabrini Apts. Corp., 145 AD3d 955, 956-957; Kaminski v 22-61 42nd St., LLC, 91 AD3d 606; Melchor v Singh, 90 AD3d 866, 868).
In opposition, the defendant failed to raise a triable issue of fact. The defendant submitted certified records from Southampton Hospital, which contained notations that the plaintiff was injured when he lost his balance and fell from a scaffold. However, the notations in the hospital records upon which the defendant relies were not attributed to the plaintiff. As the defendant failed to offer evidence sufficiently connecting the plaintiff to the statements in the hospital records, the party admission exception to the hearsay rule does not apply (see Coker v Bakkal Foods, Inc., 52 AD3d 765, 766; Berrios v TEG Mgt. Corp., 35 AD3d 775, 776). Moreover, none of the notations were germane to the plaintiff's diagnosis or treatment and, at trial, would not be admissible for their truth under the business records exception to the hearsay rule (see CPLR 4518; People v Ortega, 15 NY3d 610, 617; Williams v Alexander, 309 NY 283, 287; Merriman v Integrated Bldg. Controls, Inc., 84 AD3d 897, 898). While hearsay statements may be used to oppose motions for summary judgment, they cannot, as here, be the only evidence submitted to raise a triable issue of fact (see Alpha Invs., LLC v McGoldrick, 151 AD3d 800, 802; cf. Castle v Bawuah, 101 AD3d 922, 924; Sermos v Gruppuso, 95 AD3d 985, 986-987).
AUSTIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court