Ali v Alam (2024 NY Slip Op 00061)

Ali v Alam

2024 NY Slip Op 00061

Decided on January 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-04904
 (Index No. 520913/17)

[*1]Korban Ali, appellant, 
v
Mahabubul Muhammad Alam, et al., respondents.

Elefterakis, Elefterakis & Panek, New York, NY (Oliver R. Tobias of counsel), for appellant.
Baker, McEvoy & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated June 2, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' first and second affirmative defenses.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendants' second affirmative defense, and substituting therefor provisions granting those branches of the plaintiff's motion; as so modified, the order is affirmed, with costs to the plaintiff.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when a vehicle he was operating was struck by a vehicle operated by the defendant Mahabubul Muhammad Alam and owned by the defendant Mag Transit, Inc., at or near the intersection of Ninth Street and Fifth Avenue in Kings County. The plaintiff testified at his deposition that just prior to the collision, he was stopped at a red traffic light in the left turning lane on Fifth Avenue, and the defendants' vehicle was stopped at the same traffic light in the traveling lane to the right of the plaintiff's vehicle. When the traffic light turned green, the plaintiff turned left onto Ninth Street from the left turning lane of Fifth Avenue. The plaintiff testified that after he completed his turn, the defendants' vehicle, which had been traveling straight on Fifth Avenue into the intersection, suddenly made a left turn onto Ninth Street from the moving lane. The left front bumper of the defendants' vehicle struck the rear passenger side door of the plaintiff's vehicle.
By order dated January 22, 2021, the defendants were precluded from offering testimony at trial due to their failure to appear for a deposition. The plaintiff subsequently moved for summary judgment on the issue of liability and dismissing the defendants' first and second affirmative defenses. The defendants opposed the motion. In an order dated June 2, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of [*2]liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Seizeme v Levy, 208 AD3d 809, 810). "A plaintiff's comparative fault, or lack thereof, is not a consideration in determining whether the plaintiff has made a prima facie showing on the issue of the defendant's liability" (Detoma v Dobson, 214 AD3d 948, 949; see Rodriguez v City of New York, 31 NY3d 312). However, although a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff (see Sapienza v Harrison, 191 AD3d 1028, 1029; Flores v Rubenstein, 175 AD3d 1490, 1491). "[A] violation of a standard of care imposed by the Vehicle and Traffic Law constitutes negligence per se" (Callahan v Glennon, 193 AD3d 1029, 1030 [internal quotation marks omitted]; see Seizeme v Levy, 208 AD3d at 810).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting a transcript of his deposition testimony, which demonstrated that the defendant driver was negligent in striking the plaintiff's vehicle when attempting to make a sudden left turn from the traveling lane on Fifth Avenue rather than from the dedicated left turn lane, in violation of Vehicle and Traffic Law §§ 1128(a), 1160(b), and 1163(a) (see Simon v Rent-A-Center E., Inc., 180 AD3d 1100, 1101). The plaintiff also established, prima facie, that he was entitled to judgment as a matter of law dismissing the second affirmative defense, which alleged comparative negligence, by demonstrating that he was not at fault in the happening of the collision and that the defendant driver's negligence was the sole proximate cause of the collision (see Seizeme v Levy, 208 AD3d at 811).
In opposition, the defendants failed to raise a triable issue of fact. The uncertified police accident report submitted by the defendants was not admissible as hearsay evidence in opposition to the plaintiff's motion. The defendants did not provide an acceptable excuse for failing to submit the police report in admissible form, and the inadmissible report would have provided the sole basis for denying summary judgment (see Pena v KST Trucking, Inc., 206 AD3d 1007, 1008; see also Yassin v Blackman, 188 AD3d 62, 67; cf. Castle v Bawuah, 101 AD3d 922, 924).
Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the second affirmative defense.
However, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law dismissing the first affirmative defense, which alleged, in effect, that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the collision (see generally Diliberto v Barberich, 94 AD3d 803, 804). Since the plaintiff failed to meet his prima facie burden in this regard, the Supreme Court properly denied that branch of his motion which was for summary judgment dismissing the first affirmative defense regardless of the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., CHAMBERS, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court