■ ANN CONNERS, as Administratrix of the Estate of AR-THUR CONNERS, JR., Deceased, Appellant, v DUCK'S CESSPOOL SERVICE, LTD., Respondent. (And Two Third-Party Actions.)— In an action to recover damages, *inter alia,* for wrongful death, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Gerard, J.), entered September 10, 1987, as, upon a jury verdict, was in favor of the defendant Duck's Cesspool Service, Ltd.

Ordered that the judgment is reversed insofar as appealed from, on the law, the provision thereof which is in favor of the defendant Duck's Cesspool Service, Ltd. is deleted, and a new trial is granted with respect to that defendant, with costs to abide the event.

We agree with the plaintiff's contention that the trial court committed reversible error when it admitted the police report of the accident into evidence. The report did not fall within the business records exception of the hearsay rule (CPLR 4518). The officer who prepared the report was not an eyewitness to the accident and the report contained statements of third parties who were not under any duty to give such statements *(see, Johnson v Lutz,* 253 NY 124; *Casey v Tierno,* 127 AD2d 727; *Stevens v Kirby,* 86 AD2d 391; *Murray v Donlan,* 77 AD2d 337). In addition, the report contained conclusions as to the cause of the accident which were not based on "postincident expert analysis of observable physical evidence" *(Murray v Donlan, supra,* at 347), but were based

mainly on the hearsay statements of a third party *(Murray v Donlan, supra)*. The error cannot be regarded as harmless since the report bore on the ultimate issue which the jury had to decide *(Casey v Tierno, supra; Quaglio v Tomaselli,* 99 AD2d 487). Kunzeman, J. P., Weinstein, Kooper and Balletta, JJ., concur.