■ HEIDI S. MILLER, Appellant, v EILEEN F. ALAGNA et al., Respondents. [609 NYS2d 650] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated October 8, 1991, which denied her motion to set aside a jury verdict in favor of the defendants, and (2) a judgment of the same court entered December 2, 1991, which, inter alia, awarded judgment in favor of the defendants dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised an appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

We agree with the Supreme Court that the jury verdict in favor of the defendants is not against the weight of the credible evidence *(see, Nicastro v Park,* 113 AD2d 129). Contrary to the plaintiff's contention, we find that Detective Densing's disputed testimony given on cross-examination was not improper expert testimony. Instead, we find that Detective Densing was qualified to render his opinion based on his 21 years of training and experience *(see, Hanna v State of New York,* 152 AD2d 881; *Matter of Fasano v State of New York,* 113 AD2d 885). Moreover, his opinion testimony was proper because it was elicited in response to issues raised on direct examination *(see,* Richardson, Evidence § 490 [Prince 10th ed]).

We also find that the police report containing Detective Densing's conclusion that the defendants' vehicle did not strike the plaintiff was properly admitted because it was based on "postincident expert analysis of observable physical evidence" which Detective Densing was qualified to render *(cf., Conners v Duck's Cesspool Serv.,* 144 AD2d 329).

We have reviewed the plaintiff's remaining contention and find it to be without merit. Lawrence, J. P., Joy, Friedmann and Krausman, JJ., concur.