■ JAMES HATTON, Appellant, v CHARLES P. GASSLER et al., Respondents. [631 NYS2d 757] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Rutledge, J.), dated June 6, 1993, which, upon a jury verdict in favor of the defendants and against him, dismissed the complaint.

Ordered that the judgment is reversed, on the law, and a new trial ordered, with costs to the appellant.

The trial court committed reversible error when it received into evidence an unredacted police report pertaining to the accident in question. The report contained the hearsay statements of the defendant Charles P. Gassler and his witness, and was not admissible under the business record exception to the hearsay rule because they were under no business duty to make such statements (see, Johnson v Lutz, 253 NY 124; Cover v Cohen, 61 NY2d 261; Conners v Duck's Cesspool Serv., 144 AD2d 329; Casey v Tierno, 127 AD2d 727). In addition, the report contained a police officer's conclusions as to the cause of the accident even though the officer was not an eyewitness to the accident and his conclusions were not based upon a "postincident expert analysis of observable physical evidence" (Murray v Donlan, 77 AD2d 337, 347; see also, Connors v Duck's Cesspool Serv., supra). The court's error cannot be deemed harmless because the report bore on the ultimate issue to be determined by the jury (see, Conners v Duck's Cesspool Serv., supra; Casey v Tierno, supra).

The admission of the written, post-accident statements given to the police by the defendant Charles P. Gassler and his witness was likewise error since those statements contained inadmissible, self-serving declarations and, moreover, constituted impermissible bolstering of their trial testimony (see, Richardson, Evidence §§ 357, 519 [Prince 10th ed]; Aurnou v Craig, 184 AD2d 1048; Shufelt v City of New York, 80 AD2d 554; Heiney v Pattillo, 76 AD2d 855).

The plaintiff correctly contends that the Supreme Court erred in admitting his hospital record into evidence without redacting the toxicology report therefrom because the record clearly establishes that this report was not germane to the plaintiff's diagnosis or treatment (see, Gunn v City of New York, 104 AD2d 848, 849). However, this error was harmless in view of the fact that the toxicology report, which consisted of the

results of testing performed upon the plaintiff's blood, was properly admitted into evidence on its own, as a business record, with the proper evidentiary foundation *(see,* CPLR 4518 [a]). Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.