■ MARY HAGICOSTAS et al., Respondents, v NATIONAL FREIGHT SALES, INC., et al., Appellants. (Action No. 1.) JOSEPH H. QUINN, Plaintiff, v NATIONAL FREIGHT SALES INCORPORATED et al., Defendants. (Action No. 2.) [641 NYS2d 365] —In two consolidated actions to recover damages for personal injuries, etc., the defendants in Action No. 1 appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Lane, J.), dated October 4, 1994, as, upon a jury verdict, is in favor of the plaintiff Mary Hagicostas and against them in the principal sum of $300,000 ($150,000 for past pain and suffering and $150,000 for future pain and suffering).

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs to the appellants payable by the plaintiff Mary Hagicostas, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff Mary Hagicostas of a copy of this decision and order, with notice of entry, the plaintiff Mary Hagicostas shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict as to damages from the sum of $300,000 ($150,000 for past pain and suffering and $150,000 for future pain and suffering) to $150,000 ($75,000 for past pain and suffering and $75,000 for future pain and suffering) and to the entry of an amended judgment in the principal sum of $150,000, accordingly. In the event that the plaintiff Mary Hagicostas so stipulates, then the judgment, as so decreased and amended is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment.

Contrary to the appellants' contention, the Supreme Court properly refused to receive into evidence statements contained

in an accident report prepared by a police officer who did not witness the accident. The statements included the officer's conclusions regarding the accident, which were not based on a postincident expert analysis of observable physical evidence (*see, Johnson v Lutz,* 253 NY 124; *Hatton v Gassler,* 219 AD2d 697; *Murray v Donlan,* 77 AD2d 337).

The award of damages deviates materially from what would be reasonable compensation to the extent indicated.

We have reviewed the appellants' remaining contentions and find them to be without merit. Thompson, J. P., Joy, Krausman and McGinity, JJ., concur.