■ KAREN PECTOR, Also Known as KAREN MEYEROWITZ, Respondent-Appellant, et al., Plaintiff, v COUNTY OF SUFFOLK et al., Appellants-Respondents. STEPHEN E. BRUSSELL, Nonparty Appellant. [686 NYS2d 789] —In an action to recover damages for personal injuries, etc., (1) the defendants appeal from (a) an interlocutory judgment of the Supreme Court, Suffolk County (Oshrin, J.), entered January 20, 1998, which, after a trial on the issue of liability only, found them to be 60% at fault in the happening of the accident, and (b) an amended judgment of the same court, entered August 10, 1998, which, after a trial on the issue of damages, is in favor of the plaintiff Karen Pector, a/k/a Karen Meyerowitz, in the principal sum of $183,000, (2) nonparty Stephen E. Brussell separately appeals from the interlocutory judgment entered January 20, 1998, and the amended judgment entered August 10, 1998, and (3) the plaintiff Karen Pector, a/k/a Karen Meyerowitz, cross-appeals, on the ground of inadequacy, from a judgment of the same court, entered March 3, 1998. The defendants' notice of appeal from the judgment entered March 3, 1998, is deemed to be a premature notice of appeal from the amended judgment (CPLR 5520 [c]).

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the appeals of the nonparty Stephen E. Brussell from the interlocutory judgment and the amended judg-

ment are dismissed, as he is not aggrieved thereby (*see,* CPLR 5511); and it is further,

Ordered that the appeal by the defendants from the interlocutory judgment is dismissed; and it is further,

Ordered that on the appeal by the defendants, the amended judgment is affirmed; and it is further,

Ordered that the plaintiff Karen Pector, a/k/a Karen Meyerowitz, is awarded one bill of costs.

The appeal from the interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the interlocutory judgment are brought up for review and have been considered on the appeal from the amended judgment (*see,* CPLR 5501 [a] [1]).

The plaintiffs brought this action to recover damages for personal injuries arising from an automobile accident. We disagree with the defendants' contention that the trial court erred in excluding, as hearsay, a written statement given by an eyewitness to the police concerning the accident. The statement did not fall under the excited utterance exception to the hearsay rule since the eyewitness did not make the statement under the stress and excitement of the accident, which occurred at least 30 minutes before the statement was given (*see, People v Brown,* 70 NY2d 513, 517-519; *People v Edwards,* 47 NY2d 493, 496-497; *People v Caviness,* 38 NY2d 227, 230). Moreover, the statement did not qualify as a business record exception to the hearsay rule, since the eyewitness was under no duty to impart information to the police (*see,* CPLR 4518 [a]; *Johnson v Lutz,* 253 NY 124, 128; *Cover v Cohen,* 61 NY2d 261, 274; *Hatton v Gassler,* 219 AD2d 697; *Conners v Duck's Cesspool Serv.,* 144 AD2d 329).

The defendants' remaining contentions are without merit. O'Brien, J. P., Ritter, Thompson and Goldstein, JJ., concur.