CHRISTOPHER DeLUCA, Respondent, v BRUCE BLANCO et al., Appellants. [819 NYS2d 86]—

In an action to recover damages for personal injuries, the defendants appeal from an interlocutory judgment of the Supreme Court, Suffolk County (Pitts, J.), entered February 17, 2005, which, upon a jury verdict, finding them to be 90% at fault in the happening of the accident, is in favor of the plaintiff and against them on the issue of liability.

Ordered that the interlocutory judgment is affirmed, with costs.

On the evening of December 25, 1997 the defendant Bruce Blanco, a Suffolk County Police Officer, was sitting in his patrol car, which was parked on the shoulder of Sunrise Highway near Exit 45. The interior light of the vehicle was on; however, the exterior lights were not on. As Officer Blanco was completing some paperwork, the plaintiff, Christopher DeLuca, pulled his pick-up truck off the highway and stopped it in front of Officer Blanco's vehicle. DeLuca exited his truck and walked over to Officer Blanco in order to complain about the occupants of another pick-up truck who had tossed "debris, cigarettes out at his vehicle." Officer Blanco decided to "go and see if [he] could actually locate this other truck," and drove his patrol car off the shoulder and onto Sunrise Highway. However, as he did so, he did not put on any of the car's exterior lights. At that point, another vehicle which had been traveling on Sunrise Highway swerved to avoid the unlit patrol car as it pulled away from the shoulder. In so doing, the vehicle struck DeLuca, who was still standing on the shoulder.

Generally, a police officer is qualifiedly exempt from certain traffic laws while driving a vehicle in an emergency operation, and his conduct may not be the basis of civil liability to an injured third party unless the officer acted in reckless disregard for the safety of others (see Saarinen v Kerr, 84 NY2d 494, 501 [1994]; Turini v County of Suffolk, 8 AD3d 260, 261 [2004]; Vehicle and Traffic Law § 1104 [b] [1]-[4]; [e]). Based on the evidence adduced at trial, however, it cannot be said that Officer Blanco was involved in an emergency operation when he entered the highway without his lights on (see Vehicle and Traffic Law § 1114 [b]; Mattera v Avis Rent A Car Sys., 245 AD2d 274, 275 [1997]; LaMotta v City of New York, 130 AD2d 627, 627 [1987]; cf. Criscione v City of New York, 97 NY2d 152, 157-158 [2001]). Thus, contrary to the defendants' contention, the trial court properly refused to instruct the jury on the "reckless disregard" standard of care.

The trial court properly refused to admit into evidence a statement made by a witness to the accident, who did not testify at the trial, which was contained in the police accident report. The statement did not fall under any of the recognized exceptions to the hearsay rule (see Pector v County of Suffolk, 259 AD2d 605, 606 [1999]; Hatton v Gassler, 219 AD2d 697, 697 [1995]; Johnson v Lutz, 253 NY 124, 128 [1930]).

The defendants' remaining contentions are without merit. Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.