JONATHAN I. WATCH et al., Appellants, v FLORENCE M. GERTSEN, Respondent, et al., Defendant. [5 NYS3d 206]—

In an action to recover damages for personal injuries, the plaintiffs appeal from (1) an order of the Supreme Court, Orange County (Onofry, J.), dated December 10, 2012, (2) an amended order of the same court dated December 11, 2012, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant Florence M. Gertsen and against them on the issue of liability and for a new trial, and (3) a judgment of the same court dated February 14, 2013, which, upon the jury verdict and the amended order, is in favor of the defendant Florence M. Gertsen and against them dismissing the complaint insofar as asserted against that defendant.

Ordered that the appeal from the order dated December 10, 2012, is dismissed, as that order was superseded by the amended order dated December 11, 2012; and it is further,

Ordered that the appeal from the amended order dated December 11, 2012, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the complaint is reinstated insofar as asserted against the defendant Florence M. Gertsen, the plaintiffs' motion to set aside the jury verdict and for a new trial is granted, the amended order dated December 11, 2012, is modified accordingly, and the matter is remitted to the Supreme Court, Orange County, for a new trial; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendant Florence M. Gertsen.

The appeal from the amended order dated December 11, 2012, must be dismissed because the right of direct appeal

therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the amended order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

In this action to recover damages for personal injuries, the plaintiffs contend that they sustained personal injuries while each was operating a motorcycle when a vehicle owned by the defendant Glenn A. Gertsen and operated by the defendant Florence M. Gertsen collided with at least one of the plaintiffs' motorcycles. At trial, a New York State Trooper who responded to the accident scene testified. Over the plaintiffs' objections, defense counsel was permitted to elicit testimony from the Trooper that the Trooper had indicated on the police accident report he prepared that each of the plaintiff motorcyclists was a contributing factor to the accident and that he had made no such notation with respect to the defendant driver. We agree with the plaintiffs that the Trooper's testimony concerning the notations in his accident report regarding who was at fault in the happening of the accident constituted inadmissible hearsay (*see Sanchez v Steenson*, 101 AD3d 982, 983 [2012]; *Hagicostas v National Frgt. Sales*, 226 AD2d 584, 585 [1996]; *Conners v Duck's Cesspool Serv.*, 144 AD2d 329 [1988]; *Murray v Donlan*, 77 AD2d 337, 347 [1980]; *cf. Miller v Alagna*, 203 AD2d 264, 265 [1994]). Furthermore, contrary to the defendants' contention, the record does not demonstrate that the plaintiffs stipulated to the admission of the Trooper's opinion. The admission of the Trooper's opinion testimony constituted prejudicial and reversible error because it bore on the ultimate issue to be determined by the jury, i.e., which of the parties was at fault in the happening of the accident (*see* CPLR 2002; *Sanchez v Steenson*, 101 AD3d at 983; *Cheul Soo Kang v Violante*, 60 AD3d 991 [2009]; *Noakes v Rosa*, 54 AD3d 317, 318 [2008]; *Hatton v Gassler*, 219 AD2d 697 [1995]; *Conners v Duck's Cesspool Serv.*, 144 AD2d at 330; *Quaglio v Tomaselli*, 99 AD2d 487, 488 [1984]).

Accordingly, the judgment must be reversed, the plaintiffs' motion to set aside the jury verdict and for a new trial must be granted, the amended order must be modified accordingly, and we remit the matter to the Supreme Court, Orange County, for a new trial. Rivera, J.P., Balkin, Duffy and LaSalle, JJ., concur.