**Herskovits v Weinberger**

2024 NY Slip Op 32844(U)

August 12, 2024

Supreme Court, Kings County

Docket Number: Index No. 531070/2021

Judge: Ingrid Joseph

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 83 of the Supreme
Court of the State of New York, held in and
for the County of Kings, at the Courthouse, at
360 Adams Street, Brooklyn, New York, on
the __12__ day of ___August___, 2024.

P R E S E N T: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------------X
MORDECHAI HERSKOVITS,

                                        Plaintiff,

                    -against-                                              Index No.: 531070/2021

                                                                          **DECISION AND ORDER**

MORDECAI WEINBERGER and HERSHBER
WEINBERGER,

                                        Defendants.
-----------------------------------------------------------------------X

The following e-filed papers read herein:                                 NYSCEF Doc. Nos.:

**Motion Seq. No. 3**

Notice of Motion/Affirmation in Support/Exhibits.............................. 57 – 62
Affirmation in Opposition............................................................... 63
Reply Affirmation.......................................................................... 66

    This action arises out of an accident which occurred on January 10, 2019. Plaintiff Mordechai Herskovits ("Plaintiff") was a passenger in a car driven by Mordecai Weinberger ("Defendant Driver") and owned by Hershber Weinberger. Plaintiff moves for summary judgment, pursuant to CPLR 3212, on the issue of liability. Defendants oppose the motion, claiming that there are material issues of fact present warranting denial of the motion.

1

In his motion, Plaintiff alleges that he was a passenger in the vehicle driven by the Defendant Driver, that the Defendant Driver lost control of the vehicle,[1] and that Plaintiff was not comparatively negligent in causing the accident. In support of his motion, Plaintiff cites to Defendant Driver's deposition testimony[2] and the police report of the incident to establish that the defendant lost control of the vehicle.[3] Plaintiff contends that he has met his prima facie burden and that the burden now shifts to Defendants to prove that there is a non-negligent explanation for the accident.

In opposition, Defendants contend that a material issue of fact remains as to whether the accident was unavoidable and thus, whether the emergency doctrine applies. Defendant Driver testified in his deposition that the accident may have been caused by black ice on the roadway.[4] Defendant argues that if black ice was found to be the cause of the accident there is a non-negligent explanation for the accident.[5] Since summary judgment is not appropriate where there are genuine issues of fact, Defendant contends that the possibility that black ice caused the accident makes summary judgment inappropriate.

In his reply, Plaintiff maintains that there is no evidence that qualifies as a non-negligent explanation. Plaintiff cites to the police report, which shows that the Defendant Driver was issued a ticket for "driving at a speed greater than is reasonable and prudent under the conditions,"[6] pursuant to section 1180A of the Vehicle and Traffic Law ("VTL"). Plaintiff argues that because Defendant Driver's testimony merely states that he "believed"[7] that black ice was the cause of the accident and does not provide any definitive statements or evidence as to the actual cause, that the Defendant fails to provide evidence sufficient to plead the emergency doctrine. Additionally, Plaintiff argues that Defendant should not be allowed to rely on the emergency doctrine because Defendant failed to raise the emergency doctrine as an affirmative defense in their answer.[8]

It is well established that the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to

---

[1] In his deposition testimony Defendant testified that he was driving in the middle of the road when the car made a U-turn, backed down, and fell on its side (Weinberger tr at 18-19, lines 25-30).
[2] *See* n 1, *supra.*
[3] NYSCEF Doc. No. 58, Affirmation in Support ¶ 11.
[4] NYSCEF Doc. No. 61, Exhibit C at 20, lines 21-23.
[5] NYSCEF Doc. No. 53, Affirmation in Opposition ¶ 13.
[6] NYSCEF Doc. No. 62, Exhibit D at 1.
[7] NYSCEF Doc. No. 61, Exhibit C at 20, lines 21-23.
[8] NYSCEF Doc. No. 5, generally.

2

[* 2]

demonstrate the absence of any material issues of fact (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see also Manicone v City of New York*, 75 AD3d 535, 537 [2010]). Failure to make such a showing requires the denial of the motion, regardless of the sufficiency of the papers in opposition (*see Alvarez*, 68 NY2d at 324). Once a prima facie demonstration has been made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial of the action (*Zuckerman v. City of New York*, 49 NY2d 557 [1980]). When assessing the evidence brought forth by an opponent to a motion for summary judgment, "mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Id, see also Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

In an action for injuries sustained as a result of a one-car accident, a plaintiff passenger establishes his entitlement to summary judgment by proving that the defendant driver lost control of the vehicle while driving (*Mughal v Rajput*, 106 AD3d 886, 888 [2d Dept 2013]; *Pane v Cisilino*, 144 AD3d 567 [1st Dept 2016]). Once the plaintiff has established their prima facie case, the burden shifts to the driver to come forward with an exculpatory explanation (*Siegel v Terrusa*, 222 AD2d 428 [2d Dept 1995]).

The Court will first address the admissibility of Plaintiff's evidence. With respect to police reports, courts will deem them admissible as a business record if the report is made upon the police officer's personal observations and while carrying out police duties (*Memenza v Cole*, 131 AD3d 1020, 1021 [2d Dept 2015]; *see* CPLR 4518[a]). Accident reports which contain "a police officer's conclusions as to the cause of the accident even though the officer was not an eyewitness to the accident and his conclusions were not based upon a 'post incident expert analysis of observable physical evidence'" are inadmissible (*Hatton v. Gassler*, 219 AD2d 697, 697 [2nd Dept 1995] *quoting Murray v Donlan,* 77 AD2d 337, 347). Plaintiff cites to a violation, present in the officer's report, of VTL 1180A: driving "at a speed greater than is reasonable and prudent under the conditions." The police report contains no indication that the officer witnessed the accident or conducted an expert post-incident report. Therefore, the police report is considered hearsay and is not admissible as evidence by either party. Thus, this Court will only consider the affidavits of the parties and Defendant Driver's deposition testimony.

[* 3]

The Defendant Driver's own testimony establishes that he was the sole operator of the vehicle, and lost control of the vehicle while driving on Interstate 87. Thus, the Court finds that the Plaintiff has established his prima facie case.

In order to rebut the plaintiff's prima facie case, the defendant seeks to invoke the emergency doctrine by claiming that the accident may have been caused by black ice. Defendants did not plead the emergency doctrine as an affirmative defense in their answer but raise it for the first time in their opposition to Plaintiff's motion for summary judgment.[9]

CPLR § 3018[b] provides "a party shall plead all matters which if not pleaded would be likely to take the adverse party by surprise" (CPLR § 3018[b]). Failure to plead the emergency doctrine bars the defendant from claiming the emergency doctrine as a defense in their future papers "where the facts relating to the existence of an emergency are presumptively known only to the party seeking to invoke the doctrine" (*Bello v Tr. Auth.*, 12 AD3d 58, 59 [2d Dept 2004] *Citing* CPLR 3018[b]). However, a plaintiff's surprise may be avoided if the defendant's deposition testimony contains a description of the emergency doctrine claim. (*See Shin v NY City Tr. Auth.*, 210 AD3d 717, 718 [2d Dept 2022]; *see also Edwards v. New York City Tr. Auth.*, 37 AD3d 158, 59 [1d Dept 2007]). Additionally, "whether the emergency doctrine must be pleaded as an affirmative defense turns on the particular circumstances of each case and is a matter within the sound discretion of the motion court" (*Edwards*, 37 AD3d at 157; *accord Bello*, 12 AD3d at 61). Defendant driver, in his deposition, is unable to provide definitive testimony that black ice actually existed or specifically caused the accident.[10] However, the facts of the defendant's emergency doctrine claim, although lacking in specificity, are not known only to the defendants in this case. The accumulation of snow[11], the manner in which the vehicle turned and fell onto its side[12], and the defendant's belief that the cause of the accident was black ice[13] are all detailed in the defendant driver's testimony. Therefore, defendants' claim that black ice created an emergency situation is not likely to take defendants by surprise and may be raised as a rebuttal to the plaintiff's prima facie case.

---

[9] NYSCEF Doc. No. 63, Affirmation in Opposition ¶ 14.
[10] NYSCEF Doc. No. 61, Exhibit C at 20, lines 19-23.
[11] NYSCEF Doc. No. 61, Exhibit C at 16, lines 4-6.
[12] NYSCEF Doc. No. 61, Exhibit C at 19, lines 2-3.
[13] NYSCEF Doc. No. 61, Exhibit C at 20, line 23

4

[* 4]

Although not fatal to the defendant's ability to claim the emergency doctrine as a rebuttal, the defendant driver's unclear and inconsistent testimony and lack of additional evidence regarding the accident fail to raise a triable issue of fact sufficient to defeat the plaintiff's motion for summary judgment. Defendants rely on conclusory statements regarding the possible existence of black ice on the roadway to rebut the plaintiff's prima facie showing of negligence. The defendant driver testifies that he is unsure what caused the accident, and that he did not look for black ice on the roadway following the accident. Although the defendant driver testifies that there was some accumulation of snow on the ground at the time of the accident, he is not able to recall the road conditions with any specificity: he does not remember whether it was snowing, whether the temperature was below freezing, or whether he had his windshield wipers on at the time of the accident. Aside from the defendant driver's EBT testimony, defendants offer no other admissible evidence tending to reinforce their allegation that the accident was caused by black ice, and their "emergency doctrine" rebuttal is based entirely on the defendant driver's *belief* that black ice caused him to lose control of the vehicle. Defendant's conclusory allegations lack specificity and fail to substantiate their emergency doctrine claim. Therefore, they have not proffered a sufficient issue of fact to necessitate a trial.

After careful review, the Court finds that Plaintiff has established their prima facie entitlement to summary judgment and that Defendants have failed to proffer evidence that is sufficient to establish a non-negligent explanation for the accident.

Accordingly, it is hereby

ORDERED, that Plaintiff's motion for summary judgment (Mot. Seq. No. 3) is granted.

All other issues not addressed herein are without merit or moot.

This constitutes the decision and order of the Court.

_____
HON. INGRID JOSEPH, J.S.C.

Hon. Ingrid Joseph
Supreme Court Justice

5